Holland vs. Chambers et al.

No. 41.—EDMUND W. HOLLAND, plaintiff in error, vs. JOHN T. CHAMBERS and BERRIEN WILLIAMS, defendants in error.

[1.] If a note, charged with being usurious, have its origin or grow out of a transaction with a partnership which was dissolved before the note was given, it is legal and competent to inquire into that transaction, so far as it may be necessary to elucidate the matter in issue to the jury.

[2.] If an usurious debt due by a firm, be divided on its dissolution, and each partner assume a part, the division of the debt does not purge it of the usury, and the original contract between the firm and the plaintiff may be inquired into by one of the partners to sustain a plea of usury.

[3.] If the entire consideration of the note was the usury agreed to be paid, no part of it is recoverable.

[4.] The principal of a joint and several promissory note, against whom a process was sued out, but no service made, and who was no party to the issue, is a competent witness for his sureties, to sustain a plea of usury, if he be released by them from the costs.

[5.] Evidence may be admitted in support of a plea substantially good, but deficient in form.

[6.] Defendants must sustain their plea of usury by proof of such facts as will enable the jury to come to a decision as to the usury paid.

[7.] If the verdict be contrary to law and evidence, a new trial will be granted.

Debt, from Carroll Superior Court. Tried before Judge HAMMOND, at October Term, 1856.

This was an action by Edmund W. Holland, against Clayton Williams, principal, and John T. Chambers and Berrien Williams, securities, on a promissory note for $2,213 12, dated 8th July, 1851, and due the 4th of January thereafter.

The Sheriff returned service on Chambers and Berrien Williams, and *non est* as to the principal, Clayton Williams.

The securities pleaded the general issue and *usury*.

From the testimony, it appears that one Abel Harrison and Clayton Williams were copartners under the style of Harrison & Williams, engaged in the business of gold digging. They commenced business in the year 1843, and dissolved in 1846. The plaintiff Holland made a contract with said firm to advance them money and to receive gold dust or bullion in exchange or payment; and a deduction of two per cent. per month was to be made from the standard value of the dust which he was to receive; or in other words, that for every hundred dollars loaned or advanced they were to pay at the end of each month, in gold dust or bullion one hundred and two dollars, and at that rate estimated and renewed or counted as if renewed, monthly. Upon these terms Holland made advances to the firm during the partnership, amounting to more than $10,000, and upon the dissolution in 1846, there was a balance due to him of about $3,000, and by arrangement between Holland and the parties, Harrison assumed individually the payment of about $1,800 of this debt, and Williams of about $1,200, for which he, Williams, gave his note, which he occasionally renewed, at the same rates and upon the same terms that the money was original-

Holland vs. Chambers et al.

ly advanced, until it amounted to the sum of $2,213 12, computed at the rate of two per cent. per month up to the 4th of January, 1852, and for which Williams gave the note sued on, with Chambers and Berrien Williams secureties.

The jury, under the charge of the presiding Judge, found for the defendants, and plaintiff sued out a *rule nisi* for a new trial, upon the following grounds, to-wit:

1st. That the jury found contrary to law and the evidence, and contrary to the weight of evidence.

2d. That the Court erred in not rejecting the testimony of Abel H. Harrison, so far as the same related to the accounts between Harrison & Williams and Holland, and not rejecting his evidence as to the two per cent. per month in those accounts.

3d. That the Court erred in permitting the defendants to introduce any evidence in relation to the accounts between plaintiff and said partnership.

4th. That the Court erred in holding that if there was any usury in the debts between the copartnership of Harrison & Williams, and Holland, and the debt divided, and Williams assumed to pay a certain portion thereof, and gave a new note with other securety, Harrison being released, that the usury of the original transaction still affected it.

5th. That the Court erred in charging the jury that if they believed from the evidence that the note was all usury, that they should find for the defendants, and that change of the parties and releasing Harrison made no difference.

6th. That the Court erred in admitting the testimony of Clayton Williams, he being the principal, and residing out of the State.

7th. That the Court erred in admitting any testimony of usury under the pleas.

8th. That the jury found contrary to the charge of the Court in this, that it was the duty of defendants to prove the amount of principal and usury, and if they failed to do so,

it was their duty to find the whole amount of the note in suit.

9th. That the Court erred in charging the jury anything about the indebtedness of *Harrison & Williams* to Holland.

After argument, the Court discharged the *rule nisi* on all the grounds taken, and refused a new trial. To which decision counsel for plaintiff excepted, and assigns error thereon.

LATHAM and GLENN, for plaintiff in error.

HILL & SON, and HAMMOND, for defendants in error.

*By the Court.*—McDONALD, J. delivering the opinion.

The errors assigned in this case are upon the refusal of the Court to grant a new trial. The record does not disclose, clearly, the rulings of the Court upon the several points raised by counsel, during the progress of the trial. The points themselves and the decision of the Court upon them, appear imperfectly, and by inference from the motion for the new trial. The Court granted the *rule nisi*, and his having granted it, is equivalent to a certificate on the part of the presiding Judge, that what transpired on the trial, so far as it is stated in the rule, is stated correctly. We shall so consider the grounds set forth in the motion, and proceed to examine them, passing over the first ground, until we dispose of the balance.

[1.] The first ground of error, then, that we shall consider, is the refusal of the motion for a new trial, so far as it was predicated on the objection to Abel H. Harrison's evidence. Harrison testified that, during the existence of a partnership between himself and Clayton Williams, the plaintiff advanced to them, at sundry times, the sum of $10,000 or more. The firm was dissolved in 1846, at which time it owed the plaintiff the sum of $3,000, that a portion of that sum was accumulated by interest at two per cent. per month on gold dust

or bullion, but he could not tell what part of that sum was principal or what part was interest, but supposed the interest amounted to from seven to fifteen hundred dollars; that gold bullion was worth one dollar per pennyweight, and that the " contract for the usury was made before the advances commenced." The object of Harrison's evidence was, to show the origin of the transaction, to trace it down to the close of the partnership, and to prove that the indebtment of the firm to the plaintiff at that time was the consideration of notes for which the note sued on was given. This Court, long ago, held that the infection of usury follows all securities, however varied in form and amount which may be afterwards given for the same debt. *Bailey vs. Lumpkin*, 1 *Kelley's Rep.* 410. Harrison proves the contract, the value of the bullion, the advances to the firm, the terms on which the advances were made, the amount the firm was indebted to plaintiff at its dissolution, and for what portion of that debt Williams gave his note. This evidence was certainly admissible under the law. It is true that Harrison does not identify the note sued on, as growing out of this transaction, but that may be done by the evidence of other witnessess.

The third ground in the motion was properly overruled by the Court, for the same reason.

[2.] The decision of the Court that, if there was usury in the debt due by the partnership to the plaintiff, and Williams, one of the partners, gave a note for a part of that debt with other securities, that note is affected by the usury in the original transaction, is in accordance with the principal to which we have already referred. The parcelling out of an usurious partnership debt amongst the individual partners, whether before or after the dissolution of the partnership, does not purge the debt of the infection of usury. Prior to the Act of 1822, *Prince* 295, such contracts and notes were void in toto, and neither principal nor interest could have been recovered. Since that Act, down to the time of the date of the note sued on, the principal of the debt might be

recovered, and nothing more; and that is the law of this case. If any portion of this partitioned debt is principal, each partner is liable to pay his proportion, but, still, every part of it is affected by the usury and subject to be reduced by its proportion of the usury.

[3.] It follows from what we have said, that if the entire consideration of the note was the usury to be paid for the money advanced, no part of it was recoverable, and the jury should have found for the defendants, and that there was no error in the charge of the presiding Judge to the jury to that effect.

[4.] It is objected to the decision of the Court in another ground taken for a new trial, that he admitted the testimony of Clayton Williams, he being the principal to the note and residing out of the State. Process was sued out against Clayton Williams, but he was not served. He was not, therefore, a party to the issue to be tried by the jury. He was not objectionable on the score of interest, except because of his liability for costs to his sureties if the recovery should be against them. He was released by them from that liability. Holland had his remedy against him. The note is a joint and several note. The release removed all objection to his competency. *Lefents vs. Dematt and Ingersoll,* 21 *Wendl.* 136. *Downing vs. Townsend,* 14 *East,* 565.

No particular part of the testimony is pointed out in the record, as inadmissible under the plea of usury.

[5.] The pleas are not all very formal as pleas of usury, but they were certainly sufficient to authorize the Court to have admitted some evidence of usury. The facility with which the pleadings, under our statutes of amendment, may be modified to suit the evidence, has given rise to much irregularity and looseness in pleadings, and has rendered rare, exceptions to evidence arising from the insufficiency of the pleadings. Exceptions however, where grounds for them exist, ought to be sustained. But when this Court is called on to revise the decision of the Court below, the record

Holland vs. Chambers et al.

must state fully the ground of that decision.    In this case if *any* evidence was admissible under the pleas, the error assigned must be overruled.

We are at a loss to ascertain from this record, what the charge of the Court to the jury was, in regard to the indebtedness of Harrison & Williams to Holland, but from what we have already said, it will be seen that it was necessary to examine into that to reach the origin of the transaction from which the consideration of the note sued on springs, and to determine properly on the merits of the defence.

[6.] It seems from the bill of exceptions, that the Court charged the jury that it was incumbent on the defendants to prove the amount of principal and usury, and if they failed in that, the jury should render a verdict for the whole amount of the note; and it is alleged that the jury found contrary to the charge of the Court.    If they did find contrary to this charge, the verdict must be contrary to law, evidence and the weight of evidence, for we consider the charge to be in accordance with the law.

[7.] Did the evidence before the jury establish that the whole amount of the note sued on was constituted of usury, and if so, was it usury to be paid by Williams or had Williams been placed in funds by Harrison in any way, to pay his part or a portion of it?    If the transaction was an usurious one, all the witnesses concur in saying that the rates were two per centum per month on advances or loans, by whatever name they may be called.    The jury found that the transaction was usurious.    It was their province to pass on that, determining on the interest of the parties, from the facts in proof.    We think the evidence warrants the conclusion as to the interest of the parties, drawn from the evidence. Whether it warranted them in finding that the whole amount of the note was made up of the accumulations of usury agreed by the parties to be paid, and if it was, whether it was made up of the part to be paid by Williams, exclusively of Harrison's part, or if Harrison's part was included, whether he was

placed in funds by Harrison to pay any part of it, is another question.  Harrison & Williams concur in saying that the indebtedness of the firm of Harrison & Williams to Holland, at the dissolution of the partnership was three thousand dollars, and Williams testifies that of this sum, one thousand dollars or more was usury.  Harrison deposes that from seven to fifteen hundred dollars was usury, and he does not testify to the giving of any note by Williams, but that he assumed the payment of $1,200 or upwards.  According to Williams' evidence, he gave a note of one thousand dollars, in payment of part of the sum due the plaintiff on the dissolution of the firm of Harrison & Williams, and that note with the accumulation of interest at two per cent. per month, after due renewals, constitutes the consideration of the note sued on.  He does not state what part of the note of one thousand dollars was usury, but it was insisted on the argument, that Harrison paid eighteen hundred dollars, and that sum paid all, except the usury.  Such however, is not the evidence, and Williams cannot claim that the note given by him was made up exclusively of the usury, by applying the payment made by Harrison to the extinguishment of the principal.  If the plaintiff received a sum equal to the whole amount of his principal, from the parties, say they, whether before or since the dissolution of the partnership, what remains must be usury.  We recognize no such principal.—when the firm closed and the debt was partitioned, each one assumed his part of the principal and interest, and it cannot be claimed that the amount of usury paid by Harrison, shall extinguish any part of the principal of the note given by Williams.  The verdict of the jury, then, upon the testimony of Harrison and Williams was contrary to evidence.  How does it stand on the evidence of the plaintiff, which seems to me to be wholly irreconcilable with that of the other witnesses?  He does not consider, he says, that he loaned at usury.  The opinion of the plaintiff cannot give character to the transaction. The jury must draw their conclusions from the facts in proof.

When the plaintiff paid the parties for gold dust and bullion, he paid them one dollar per pennyweight, when it was delivered at the time.

In his estimation, then, the pennyweight of gold was worth one dollar. When he let them have the money and the delivery of the bullion was deferred, there was to be a deduction in the price of the gold of two cents per pennyweight, per month. If the payment was deferred for twelve months, the pennyweight of gold, at the unchanged value of one dollar, was to be paid at seventy six cents. No interest was charged by the plaintiff for the advance of his money, but he was to receive pay in gold, depreciated by contract, to seventy-six cents, when it was worth one dollar per pennyweight. When the note of $2,213 12 was given and the note of $1,456 was taken up, he says he did not calculate interest or premium on the note taken up. The settlement was made and the note given, extending the time by calculating the discount upon the price of the gold dust at two cents per dwt. per month. He says the parties agreed to sell him gold dust or bullion. According to him, then, the whole transaction was a traffic for gold dust or bullion. He paid his money in advance, and they agreed to pay him gold dust or bullion. Such is not the written evidence. The parties do not promise to pay gold dust or bullion, in a single note presented in record as evidence. They are all promissory notes in the usual form for money. We are not prepared to say, therefore, that the jury found upon the plaintiff's evidence, if they predicated their verdict on that, a verdict contrary to evidence, when they found the note to be usurious. The verdict then should stand, so far as it finds the contract to be usurious. It does not follow that the verdict should have been for the defendants. The plaintiff's account of the matter affords no data for determining whether the whole sum of $1,456 was due to him as principal or as usury; or what part was principal and what part was usury; or whether the firm had paid, in gold, valued at one dollar per

pennyweight before its dissolution, a sum equal to the amount advanced to them by the plaintiff, thus leaving the balance as usury. There is no evidence therefore, from the plaintiff, of any definite amount of usury paid by the parties, prior to the dissolution of their partnership. The amount of usury paid or embraced in the note since the partnership was dissolved, may be collected from the evidence before us, given both by the plaintiff and the other witnesses ; but their evidence is so variant and irreconcilable, that the jury must determine to which of them they will give credence. The whole Court agree that there ought to be a new trial, and my brethren are of opinion, that the usury paid by the firm to the plaintiff before its dissolution, should be ascertained, and a part bearing the same proportion to the entire usury, that the original note of Williams did to the indebtedness of the firm at that time—without regard to the fact testified to by Williams, that he assumed to pay to the plaintiff in extinguishment of the debt of the firm to that extent, the amount that he stood individually indebted to his own firm and in payment of that debt—ought to be allowed in the verdict and deducted from the note. In this view of the case I do not concur. There is no evidence of usury in the debt due by Williams to the firm of Harrison & Williams, and when he gave his own note to the plaintiff for the amount, and no more, he justly owed his own firm, he cannot claim to have the debt due by him to his own firm, and for which he had given the plaintiff his note, reduced by the amount of usury the firm had agreed to pay the plaintiff. We all agree that, the usury agreed to be paid since the dissolution of the firm was properly allowed by the jury.

Judgment reversed.