CASE 14—PETITION ORDINARY—JANUARY 4.

3mc519,
j124   487

## Montgomery vs. Lampton.

APPEAL FROM FRANKLIN CIRCUIT COURT.

It is sometimes said that where there is a moral obligation to pay, such an obligation forms a sufficient consideration to uphold an *express* promise; but the rule is not an universal one.

Where a debtor has been discharged from the debt by provisions of positive law, an express promise afterwards to pay the debt will be enforced; but where the discharge is the fair, voluntary act of the creditor, a subsequent express promise to pay the debt will not be enforced. (See opinion for a citation of authorities in support of the ruling.)

A debtor, being unable to pay his debts, conveyed his property to a trustee, for the benefit of his creditors, a number of whom agreed with the trustee that if he would secure to them the one-half of their debts, by notes with undoubted surety, they would assign to him all their interest in the property. The agreement was consummated, the assignment made, and a release executed by them to the debtor of all claims for debts which they held against him. Shortly afterwards the debtor executed to one of said creditors his notes for the remaining half of the debt which he had owed him;

Montgomery vs. Lampton.

upon one of which notes this suit was brought. *Held*—that the debtor was not liable for the note, the consideration not being sufficient to uphold the promise.

JAS. HARLAN and JAS. HARLAN, JR., for appellant, cited 3 *Mon.*, 108; 9 *B. Mon.*, 242; 4 *Litt.*, 34; *Ib.*, 47; 3 *Pick.*, 207; 18 *B. Mon.*, 643; *Fleming vs. Haynes*, 2 *Eng. Com. Law Rep.*; 1 *Ib.*, 14; 14 *John.*, 378; *Chitty on Contracts*, 595, 8*th Am. Ed.*; *Story on Contracts, subject "moral consideration," and notes*, 3*d Ed.*

T. N. & D. W. LINDSEY, for appellee, cited *Chitty on Contracts*, 685, 689 *and notes;* 8 *B. Mon.*, 599.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

Appellee, being unable to pay his debts, on the 10th of May, 1858, made an assignment of all his property to J. S. Price, in trust for the benefit of his creditors.

Montgomery & Company, (appellant then being a member of the firm,) together with a number of the other creditors of appellee, agreed with J. S. Price, the trustee, that if he would secure to them the one-half of their debts on appellee, by notes with undoubted surety, payable at periods agreed upon, they would assign to Price all their interest in the property conveyed to him in trust by appellee for the benefit of his creditors. This agreement was consummated, and said creditors, by a writing, assigned to Price all their interest in the property conveyed to him for their benefit, and released appellee from all claims for debts which they held against him either by notes, accounts, or otherwise.

Shortly after the execution of this release by Montgomery & Co. to appellee, he executed to them three notes for $417 84 each, payable twenty-two, twenty-six, and thirty months from date, respectively, for the half of the debt which appellee had owed them, and which they had released upon Price's securing to them the other half.

Montgomery & Co. assigned to appellant one of these notes, upon which he brought suit; and, judgment having been rendered against him in the court below, he prosecutes this appeal.

The first ground relied upon in the answer, to defeat the action, is, that the note was given without any consideration,

either good or valuable in law or equity. Other issues are presented by the answer; but as there is no controversy as to the consideration upon which the note was executed, and as that is the main question in the case, it will be first considered.

It is urged, with much zeal and plausibility, that the whole debt was justly due from appellee; that it was his duty to pay it, and, although he had, by the agreement made with Price, been released from the payment of the one-half, still he was under a moral obligation to pay the whole of it, which formed a sufficient consideration to uphold his subsequent promise in writing to pay it.

It is sometimes said that where there is a moral obligation to pay, that such an obligation forms a sufficient consideration to uphold an *express* promise; but the rule is not a‖ universal one, and a very striking exception to it is furnished in the case of *Mills vs. Wynam*, (3 *Pick.*, 207.) There the son, (who, however, was over twenty-one years of age, and had not been. a member of his father's family for several years,) upon his return from a foreign land, was stricken down with disease. Mills took him into his house, furnished him with the comforts he needed, and nursed him until his death. The father, after the death of his son, promised in writing to pay Mills the expenses which he had incurred in endeavoring to restore the son to health; but afterwards he refused payment. Mills sued him, and it was held, that although the father was under a moral obligation to pay the debt, yet it belonged to that class of imperfect obligations binding *in foro conscientiæ*, but which the law will not undertake to enforce.

It is contended that in principle there is no difference between this case and the case of a bankrupt who has been discharged from his debts upon the petition of his creditors, or in the case of debts barred by the statute of limitations, and of debts contracted by infants not for necessaries; in all of which cases it has been held that an express promise to pay the debt, by the infant after he arrives at age, and by the other two, notwithstanding the discharge, will be enforced; and that there is no good reason for applying a different rule to the case in hand.

Montgomery vs. Lampton.

A different rule has been applied by the courts to the two classes of cases, and the reason for the distinction seems both obvious and proper.

In each class of cases the pre-existing debts were honestly due ; but, in the one class, the law had created an impediment to the recovery ; in the other, the discharge was by the voluntary act of the creditor himself. And the rule in such cases seems, upon the weight of authority, now to be established, that where a debtor has been discharged from the debt by provisions *of positive law*, an express promise afterwards to pay the debt will be enforced ; but where the discharge is the fair, voluntary act of the creditor, a subsequent express promise to pay the debt will not be enforced, and Judge Cowen says the moral obligation in such case "*lies much on the side*" of the creditor.

Having stated the rule, instead of attempting to elaborate the doctrine we will content ourselves by referring to some of the authorities by which it is fully sustained.

*In Stafford vs. Bacon*, (1 *Hill*, 535,) the plaintiff had accepted the commercial paper of a third person in satisfaction ; and there seems to have been a general compromise with creditors, in which he participated, and had virtually promised the defendant and other creditors to consider the debt discharged. And the court said: "Whether, after the debt was discharged by an accord and satisfaction, there remained any moral obligation to pay the balance, will form perhaps the decisive question, at least in one branch of this cause. I think there did not. The strongest case for the plaintiff is that of an insolvent's discharge under the two-thirds act, on the petition of the plaintiff. There, it is held, enough remains to sustain a new promise. (*McNair vs. Gilbert*, 3 *Wend.*, 344.) But this is a discharge *by express provision of positive law*. Chitty says that 'in all the cases in which a moral obligation has been deemed a sufficient consideration for the defendant's express promise, &c., nothing but the provision of some *positive law* had interposed to preclude a legal remedy, &c., until the defendant expressly promised.' (*Chit. on Contracts*, 12, 13, *Phil. ed. of* 1834.) It is not necessary to go over the cases. Many are collected in a note to *Edwards vs. Davis*, (16 *John. R.*, 283–4,)

in support of the proposition thus limited; and it had been, before the publication of 16 *John.*, adopted in substance by *Spencer, J.*, in *Smith vs. Ware*, (13 *John. R.*, 257, 259.) The propriety, *indeed the necessity*, of such a limitation, is shown by Daggett, J., in *Cook vs. Bradley*, (7 *Conn. Rep.*, 57;) and he also contends, on a very full consideration of the cases down to 1828, that we are bound to it by legal authority. *Vide also Mills vs. Wyman*, (3 *Pick.*, 207,) *and Eastwood vs. Kenyon*, (3 *Perry & Dav.*, 276.*")

The paragraph immediately after this concludes in the following language : "The case is the same in legal effect as if the debt had been released under seal, or paid in full."

"When a debtor is voluntarily and fairly discharged by his creditors, it must be left to his option whether he will pay. Being an honest man, and becoming able, payment would be a thing of course ; but that is a matter of mere imperfect obligation, which the law cannot act upon without going wide of .its office, and, indeed, dismissing the rule which calls for a valuable consideration in any case."

The court then referred to the case of *Willing vs. Peters*, (12 *Serg. and Rawle*, 177,) decided in 1824, where it was held that the promise was binding, and likened it to a promise by an insolvent, discharged under the two-thirds act, and said : "That case, however, was questioned in the very court which decided it, and was overturned by the case of *Snevily vs. Reed*, (9 *Watts*, 396, 401, *A. D.*, 1840.")

The case of *Stafford vs. Bacon, supra*, was held up for one or two terms for advisement, and the Chief Justice concurred in the opinion delivered by Cowen, J., (2 *Hill*, 353 ;) and, in a note to that case—in 2 *Hill—ex parte Hall*, &c., (1 *Deacon's Rep.*, 171,) is cited, from which it appears, that Hall had entered into a deed of composition with his creditors, by which they released him from his debts ; and a promissory note subsequently given by him to a creditor for the remainder of his debt was held *nudum pactum.*

We are not aware of any case in which the question has been settled by this court ; but we think the consideration was

not sufficient in this case to uphold the promise, and this conclusion is warranted by the authorities.

As, under our view of the case, appellee was not liable for the note, appellant was not prejudiced by the refusal of the court to submit the other issues to the jury. Wherefore, the judgment is *affirmed*.