DAVID HART *vs.* GEORGE W. GOLDSMITH.

In a suit in equity to redeem mortgaged premises, the mortgagor is entitled to the benefit of the statute penalty for usury in reduction of the sum payable upon the mortgage.

When unlawful interest is reserved by taking a note for a greater amount than the sum lent, the penalty is threefold the difference between the amount for which the note was given and the sum lent, with interest thereon to the date of the verdict; and this penalty is to be deducted from the amount appearing to be due upon the note.

The payment into court of a less sum than that justly due, if not made under any rule or order of court, or with any averment or proof of a previous tender, cannot affect the rights of the parties in any manner.

BILL IN EQUITY, alleging that the plaintiff made a mortgage to the defendant, dated August 30 1856, to secure a note for $2000, with interest semiannually, containing a power of sale in case of breach of condition; that in fact the only considera-tion of the mortgage was a loan of $1800, and that $200 was taken and reserved for usury; that, in February 1858, when interest was due, the plaintiff would have paid it, but the de-fendant demanded interest at a greater rate than six per cent.; that, under the power of sale, the defendant has made sale of the premises, but no deed has passed; and this bill is filed to prevent the completion of the sale, and for a redemption of the estate, upon payment of what shall be found to be justly due after deducting threefold the amount of unlawful interest taken and reserved by the defendant. The plaintiff also paid into court the sum of $1500 for the redemption of the mortgage, alleging that it was all that was due.

The answer denied the taking of unlawful interest, and the plaintiff filed a general replication.

Upon a hearing in this court, *Shaw,* C. J., was of opinion that

only $1800 was lent by the defendant to the plaintiff, and that the residue of the sum for which the note was given was reserved as unlawful interest; and that, in computing the amount due on redeeming the mortgage, three times the amount of the interest so reserved should be deducted, and, in August 1860, ordered judgment as follows: " Take the sum of $1800 as the loan actually made, and compute interest on it from the date of the note to its maturity, three years. Then take $2000, the face of the note, and compute interest for the same time. Deduct the former from the latter, and the difference, is unlawful interest. Take three times this unlawful interest and deduct it from the $1800 and interest, and the balance, together with the interest thereon, will be the amount due."

From this judgment the defendant appealed to the full court. The evidence relating to the question of usury was reported.

*J. P. Healy*, for the defendant.

*G. Sparhawk*, for the plaintiff.

HOAR, J. This is a bill in equity to restrain the defendant from executing a deed under a mortgage containing a power of sale, which was made by the plaintiff to him to secure the payment of a note for $2000. The note and mortgage bear date August 30 1856. The bill also seeks to redeem the mortgage, and offers to pay whatever may be due upon it; and prays that, in fixing the amount to be paid, a deduction may be made on account of usurious interest reserved and taken by the defendant upon making the loan for which the note and mortgage were given.

The first and principal question is, whether in this suit the plaintiff is entitled to have the statute penalty for taking usurious interest deducted. It is objected that the statute is only applicable to two cases: first, where the party taking or reserving the usury brings an action to recover the debt on which the usury has been reserved or taken; and secondly, where the party having paid the usury sues to recover the penalty; and that this suit falls within neither of these. Literally and strictly, this may be so; but we cannot regard it as decisive of the question. The bill is brought to redeem a mortgage, and the injunction against

the completion of the sale of the mortgaged estate is prayed for, only in aid of the purpose to redeem. The right of the plaintiff to redeem is not controverted, but the defendant claims that it shall be allowed only upon the terms of paying the whole amount of the note and interest.

It is said to be the settled doctrine of courts of equity, where a statute has made a usurious contract void, that while, if the usurer or lender comes into court seeking to enforce the contract, the court will refuse any assistance and repudiate the contract; yet, on the other hand, if the borrower comes into court, seeking relief against the usurious contract, the only terms upon which equity will interfere are, that the plaintiff will pay to the defendant what is really due to him, deducting the usurious interest. *Henkle* v. *Royal Exch. Assurance Co.* 1 Ves. Sen. 320. *Rogers* v. *Rathbun,* 1 Johns. Ch. 367. *Eagleson* v. *Shotwell,* 1 Johns. Ch. 536. *Fanning* v. *Dunham,* 5 Johns. Ch. 122, 145. 1 Story Eq. Jur. § 301. The reason given by Lord Hardwicke for the distinction is this : " that this court considers usurious contracts in somewhat a different light from what the law does, which considers them upon the foot of the statutes; but this court as a fraud and advantage taken on necessitous persons."

Whether such a distinction rests upon any just principle, or is consistent with a due enforcement of the statute, or how far, as an original question in this commonwealth, we might feel ourselves bound by the decisions of courts of equity in England, or in other states, we do not consider it necessary now to de termine; because we are of opinion that, under the statutes of Massachusetts, very different considerations apply, and a rule wholly different must result. By Rev. Sts. *c.* 107, § 23, it is provided that, on a bill to redeem a mortgage, " if it shall appear that the plaintiff is entitled to redeem the mortgaged premises, the court shall inquire and determine what sum is due on the mortgage." By § 5, in a writ of entry to foreclose, " when the conditional judgment is to be entered, the court shall inquire and determine how much is due to the plaintiff on the mortgage." In either case, upon payment of the sum thus ascertained, the mortgagor is entitled to hold the premises, dis-

charged of the mortgage. We can see no reason why the sum due should not be fixed upon the same method of computation, whichever party is the actor. Whether the lender brings his action to foreclose, or whether, in answer to a bill to redeem, he insists upon the payment of his debt, he is alike availing himself of the means provided by law for the enforcement of the contract. But, further, to show that no such different rule in law and in equity was in the contemplation of the legislature, a bill in chancery is one of the remedies specifically prescribed for the recovery of the penalty, whenever a greater rate of interest than is allowed by law shall have been paid. Rev. Sts. c 35, § 3. St. 1846, c. 199. If, therefore, the doctrine urged by the defendant should prevail, the singular result would follow, that this court under one bill in equity might require a sum of money to be paid to him, which the plaintiff might immediately maintain another bill in equity to recover back.

Our statute does not make the contract void; and the provisions giving the right to the deduction of the penalty, or to recover it back when the usurious interest has been paid, are regarded, to a considerable extent, as remedial rather than penal. Gray v. Bennett, 3 Met. 522. We think it is manifestly most consistent with the letter and spirit of the law to treat the mortgage as a mere incident to the debt; in determining what is due to the mortgagee to govern the inquiry by the same rules as if there was a suit brought upon the note or other contract which the mortgage was made to secure; and to regard in equity the defendant who asserts his rights under the contract by his answer as occupying the same position as if he had brought an action to enforce it at law.

The plaintiff is therefore entitled to the deduction claimed by him, if the fact that usury was taken or reserved upon the note secured by the mortgage is satisfactorily established; and we concur with the opinion of the judge who tried the cause, that the evidence of usury is sufficient.

2. The mode of computing the usurious interest we think was correct. But $1800 was in fact lent, and a note for $1800 and interest only should have been taken. The note actually

made was for $2000 and interest. Two hundred dollars, and interest upon that sum, was therefore the usurious interest reserved or taken. The interest upon $200 must therefore be computed down to the day when the judgment was entered from which the appeal was taken, (the judgment of the court taking the place of the verdict of a jury,) in order to ascertain the amount of the usury; and threefold the amount of $200, and of interest to that time, will be the amount of the forfeiture. But, in considering from what sum this forfeiture should be deducted, we find it inadvertently stated that it was to be taken from the amount of the loan and interest. This is obviously incorrect, as the statute does not render the contract void. The interest is to be cast upon the whole note of $2000, treating it as a valid contract, and the deduction to be made from the amount of the note and interest. This was settled in *Parker* v. *Bigelow*, 14 Pick. 436; and the statute of 1846, while it changed the amount of the forfeiture from threefold the whole interest to threefold the unlawful interest reserved or taken, has not altered the law as it stood under the revised statutes in any other respect. Making the proper correction, the value of the note on the 8th of August 1860 was $2473; threefold the usurious interest on the same day was $741.90; and deducting this sum, with the further sum of $60, which is all which we think the evidence shows to have been paid upon the note, leaves the sum of $1671.10 as the amount, upon payment of which, with interest from August 8 1860, the plaintiff is entitled to redeem the estate mortgaged.

The payment of money by the plaintiff to the clerk of the court, it not appearing to have been made upon any tender averred in the bill and substantiated by proof, and not being made under any rule or in pursuance of any order of the court, cannot affect in any manner the rights of the parties. It is still the money of the plaintiff, and remains subject to his order.