THE PRESIDENT, DIRECTORS AND COMPANY OF THE NORTH BRIDGEWATER BANK *vs.* HORATIO COPELAND.

The *St.* of 1863, *c.* 242, which provides that usury between the payee and the maker of a promissory note, payable on time, shall not be a defence to an action thereon, brought by the indorsee to whom the same was indorsed before maturity, for value, and without notice, express or implied, of the usury, does not apply to contracts which were in existence at the time of its enactment.

CONTRACT upon a promissory note for $220, dated September 4, 1862, signed by the defendant, payable to the order of Rufus White in four months from date, and indorsed by White and Simeon Tucker.

It was agreed that the plaintiffs became the *bona fide* holders of the note before its maturity, for value, without notice, express or implied, that the consideration was usurious; that in June 1857, the defendant, for the accommodation of White, signed a similar note for $200, upon which White procured the money of Simeon Tucker at a usurious rate of discount; that the same was renewed by a similar note every four months thereafter, usury being reserved by Tucker at each renewal, and the note in suit was the last of the series, all of which were signed by the defendant merely for the accommodation of White; and that the whole amount of usury reserved by Tucker was $99.61.

Upon these facts, judgment was rendered in the superior court for the defendant; and the plaintiffs appealed to this court.

*J. White,* for the plaintiffs.

*H. J. Fuller,* for the defendant.

BIGELOW, C. J. The note declared on is clearly tainted with usury. It first became an operative contract, binding on the parties, when it was taken and received by Tucker, and he made a loan of money upon it. He did not purchase a valid, subsisting note, but advanced money on a promise which was without validity as a contract until it passed into his hands. *Sylvester* v. *Swan,* 5 Allen, 135. *Clapp* v. *Rice,* 13 Gray, 403. The

defence of usury is open to the defendant in this action, although the plaintiffs are *bona fide* indorsees for value, without notice, unless the rule of law as to past contracts alleged to be usurious was changed by *St.* 1863, *c.* 242.* *Kendall* v. *Robertson,* 12 Cush. 156. *Knapp* v. *Briggs,* 2 Allen, 551. The decision of the court, therefore, turns on the single question whether this statute is prospective in its operation, or can be so construed as to affect contracts which were made before its enactment. Of the proper answer to be given to this question, there can be no doubt. The statute is equivocal and ambiguous in its terms, and might without doing violence to the words in which it is expressed be construed as retroactive. But such is by no means its necessary interpretation. On the contrary, it will have full meaning and effect, consistent with the fair import of its language, if it is held to be prospective only. The true rule of interpretation applicable to such enactments is well settled, and has been often recognized and affirmed by this court. It is, that all statutes are to be considered as prospective, and are not to be held to prejudice or affect the past transactions of the subject, unless such intention is clearly and unequivocally expressed. *Whitman* v. *Hapgood,* 10 Mass. 439. *King* v. *Tirrell,* 2 Gray, 331. *Gerry* v. *Stoneham,* 1 Allen, 319, 323. *Garfield* v. *Bemis,* 2 Allen, 446. No good reason can be given for excepting the statute under consideration from the operation of this wise and salutary rule. It is not an enactment designed only to affect a remedy, or regulate the course of judicial proceedings ; but, if construed as operating retroactively, it would essentially impair the rights of debtors as to contracts existing before its enactment. The statute prescribing the rate of interest and prohibiting usury, and giving to debtors either a lawful claim to a deduction from the amount due on a usurious contract, or an action to recover the amount forfeited where usury

---

* This statute is as follows : " Usury between the payee and the maker of a promissory note, payable on time, shall not be a defence to an action thereon, brought by the indorsee to whom the same was indorsed before maturity, for value, and without notice, express or implied, of the usury."

has been paid, is not merely penal in its nature, or intended only as prescribing the form or mode of remedy. It creates a vested right or interest in the debtor, which he can insist upon and enforce, and which passes to his assignee in case of insolvency. This point was distinctly adjudicated in *Gray* v. *Bennett*, 3 Met. 522. To a statute which, if construed as operating retrospectively, would essentially impair this right, the rule that requires its language to be interpreted as intended to operate prospectively only is eminently applicable.

*Plaintiffs nonsuit.*