JAMES B. TAMPLIN vs. EDWIN WENTWORTH.

A right of action of an insolvent debtor, on the Gen. Sts. c. 53, § 5, whether absolute or contingent, to recover threefold the amount of usurious interest paid by him, passes by an assignment of his estate in insolvency.

CONTRACT, on the Gen. Sts. c. 53, § 5, to recover threefold the amount of certain usurious interest. At the trial in the superior court, before *Ames*, C. J., without a jury, these facts appeared:

The plaintiff, wishing to borrow money, applied to Royal Richardson, who introduced him to the defendant. By an arrangement between the three, the plaintiff made and delivered to Richardson his promissory note for $1650, with a mortgage of real estate as security. Richardson indorsed the note and assigned the mortgage to the defendant; and he, in the plaintiff's presence, paid $1350 to Richardson, who, after deducting from the sum a commission for his services, delivered the balance to the plaintiff, who received no other consideration for his note. The judge found that this was not a mere purchase of a note and mortgage by the defendant, but a usurious transaction.

The plaintiff afterwards conveyed his right in equity to redeem the mortgaged premises, and divested himself of all title thereto. Several months after the note became due and payable, proceedings in insolvency were instituted against him on his own peti tion, and regularly prosecuted; but no claim against the defendant was included in the schedule of the plaintiff's property or disclosed to his assignee. More than two years after this, under a power of sale in the mortgage, the defendant duly sold the mortgaged premises for a sum sufficient to pay the full amount of the plaintiff's note and arrears of interest and incidental expenses. And less than two years after the sale the plaintiff brought this action.

On these facts the judge ruled that the plaintiff could not maintain the action, and found for the defendant; and the plaintiff alleged exceptions.

*S. Snow*, for the plaintiff.

*R. F. Fuller*, for the defendant.

FOSTER, J.    The usurious contract having been made before the insolvency of the plaintiff, all his right of action to recover the statute penalty passed by the assignment and became a part of his estate in insolvency.  *Gray* v. *Bennett*, 3 Met. 522.  *Cutler* v. *Bubier*, 4 Gray, 588.  Whether this was a present right of action which could be immediately enforced, or a *locus peni-tentiæ* still remained until the usurious lender had received more than the sum lent with lawful interest, can in the opinion of the court make no difference.    In either case, the right to the penalty, whether absolute or contingent, was a right of property which vested in the assignee, and could be enforced or released by him alone.    The plaintiff, therefore, cannot maintain this action, and his

*Exceptions are overruled.*