## J. L. LASATER V. FIRST NATIONAL BANK OF JACKSBORO.

### No. 1184. Decided March 16, 1903.

**1.—Bankruptcy—Discharge—Unadministered Assets.**

After the close of bankruptcy proceedings and discharge of the trustee, an asset of the bankrupt (right of action to recover, with penalty, usurious interest paid) which had passed to the trustee by the bankruptcy proceedings, though he had no knowledge of its existence, may be recovered by the bankrupt himself, where neither the creditors nor the trustee assert any rights in it. (Pp. 347-348.)

**2.—Usury—Assignment of Cause of Action.**

The right of a retiring partner in a cause of action to recover usurious interest paid by the firm passes to the remaining partner buying him out' and succeeding to the partnership assets and liabilities; the right is not strictly personal, and may be assigned, though the purchasing partner be not deemed a "legal representative" of the other within the meaning of the statute. (P. 348.)

**3.—Usury—Payment by Another.**

One who, by transfer of property to a surety on his note, procures its payment, with usurious interest, by such surety, can recover back such interest and penalty therefor as on a payment made by himself. (P. 349.)

**4.—Usury—Paying for Another in Pursuance of Contract.**

One buying out his partner and assuming payment of a firm note on which both were bound can recover back, after settling such note, double the usurious interest paid; the agreement to assume the obligation was not a promise to pay usurious interest thereon. (P. 349.)

Questions certified from the Court of Civil Appeals for the Second District, in an appeal from Jack County.

*Wayne H. Lasater* and *Howard Martin,* for appellant.—In an action by the debtor to recover back usury paid under a mortgage, or to recover the penalty for taking usury, it is sufficient that such payments were made to the mortgagee by a subsequent purchaser of the mortgaged property under an agreement with the mortgagor to pay the debt as a part of the purchase price. Nelson v. Cooley, 20 Vt., 201; 27 Am. and Eng. Enc. of Law, p. 960.

When the contract is shown to be usurious, all credits paid as interest should be applied as credits upon the principal of the debt.

Appellee can not defend this suit on the ground that appellant has been adjudged a bankrupt; no one but the trustee in bankruptcy can raise this issue.

When the assets or property of a bankrupt remains in the charge and control of the bankrupt, with the consent of his trustee, said bankrupt can maintain a suit to recover such assets or property that may be in the hands of a third person.

When appellant's case or proceedings in bankruptcy was duly closed in the Federal court, and plaintiff had been duly discharged as a bankrupt by said court, and his said trustee had been duly released and discharged from his trust, the right to maintain this suit was reinvested in appellant, if the same had ever been divested out of him.

*Thos. D. Sporer* and *E. W. Nicholson,* for appellee.—Appellant not having paid the usurious interest himself, can not recover the penalty sued for. Lazear v. Nat. Un. Bank of Baltimore, 2 N. B. Cas., 261; Webb on Usury, secs. 530, 531.

Appellant must have made payment direct to appellee, and appellee must have intended to receive the payment from appellant. No transaction between the mortgagor and a surety for whose benefit the mortgage was given, is a payment to appellee unless assented to by it. 18 Am. and Eng. Enc. of Law, 149, 150, and note.

Appellant, after his discharge in bankruptcy, can not sue for the recovery of the penalty; the right of action being in the trustee. Monongahela Nat. Bank v. Overholt, 96 Pa. St., 327; Wheelock v. Lee, 64 N. Y., 242.

When a partner assumes to pay a firm debt, as appellant did for his former partner Maggard, he can not plead usury, nor recover the penalty therefor as to his partner's interest he assumed to pay. Farmers and Mechanics Sav. Co. v. Bazore, 54 S. W. Rep., 339; Matthews v. Paine, 14 S. W. Rep., 463.

A former member of a partnership, after the dissolution of the firm, can not sue to recover the penalty for usurious interest paid by the firm. Stephens v. Monongahela Nat. Bank, 111 U. S., 197; Driesbach v. Nat. Bank, 104 U. S., 52.

WILLIAMS, Associate Justice.—This case is presented upon the following certificate from the Court of Civil Appeals for the Second District:

"The suit was brought by appellant July 26, 1901, upon the Federal and State statutes to recover from the bank twice the sum of $1526.80 usurious interest paid to it, $3053.60. The defense was a general denial, statute of limitation of two years, and that since the usury was paid the appellant had filed his petition in bankruptcy and been discharged, and that he therefore had no right or interest in the claim. The case was tried by the court without a jury, who rendered a judgment for the bank. The facts are substantially as follows:

"The appellant and one Maggard were partners in cattle raising, and on the 30th day of March, 1898, borrowed of the bank $4000, and executed their joint note with A. M. Lasater for $4350, due November 15, 1898, with 10 per cent interest after maturity. On November 22, 1898, the firm paid $390.90 on said note, directing it to be applied to the interest due thereon, and on the same day borrowed $100 more, which was added to the note, and after deducting the sum of $390.90, interest due, renewed the same for $4450, dating it back to November 15, 1898. It was signed by the parties as before and bore 10 per cent interest from maturity. On the 17th day of August, 1899, the firm paid on said note $382.90, with no instructions how to apply it, and on the next day paid $167.50 more, instructing the bank to apply it to the payment

of the interest, and on the 17th day of November, 1899, the appellant paid $62 with no instructions how to apply it. In same month of November the said Maggard sold all his interest in the firm to J. L. Lasater, the latter assuming all the liabilities, but nothing was said about this claim against the bank, and appellant with A. M. Lasater renewed the note for $4313.50, dating it back to November 16, 1899, payable June 15, 1900, with interest at 10 per cent after maturity. On December 6, 1899, appellant paid $22.50; on June 29, 1900, $15, with no instructions as to the application of said payments. On the 15th day of October, 1900, A. M. Lasater, the surety, bought all the mortgaged cattle of appellant and some others, and agreed to assume and pay off the note in full consideration of said sale, and executed his note to the bank on the 17th day of said month, taking up the appellant's note, and in June, 1901, paid to the bank the sum of $4457, in full of said note, and the bank delivered to appellant his note so taken up. The last named note was also secured by another mortgage given to the bank on all of the same cattle. A. M. Lasater was a party to the original and all renewal notes made to the bank, he being as to the bank a principal thereon, but as between himself and the other signers a surety only on all but the last note, which was his obligation alone.

"On November 19, 1900, appellant filed his petition in bankruptcy in the District Court of the United States for the Northern District of Texas, and E. H. Cottingham was appointed trustee, and appellant was duly discharged of all his debts on January 7, 1901, and the trustee was discharged of his trust on June 11, 1901. He returned no assets to his trustee; said he had none unless this claim for usury was one; says he did not tell the trustee or his creditors about this claim for usury. After the note was paid by A. M. Lasater and the cattle gathered he contended that there was not as many cattle as were represented by appellant, and the appellant agreed to pay him $1500 for the deficit, and has paid him $500 by transferring him his interest in his grandmother's estate.

"Upon the foregoing facts we deem it advisable to certify to your honors for decision the following questions: 1. Was the appellant's discharge in bankruptcy a bar to his recovery in this suit? 2. Was J. L. Lassater on the facts stated entitled to recover from the bank the penalty denounced by statute? In other words, was J. L. Lasater entitled, either as an assignee or as surviving partner, to recover the penalty sued for as to usurious interest paid during the continuance of the partnership? And was J. L. Lasater, by reason of his having assumed the payment of this debt due the bank when he purchased the interest of his retiring partner Maggard, precluded from recovering or limited in his recovery to one-half the sum he would otherwise be entitled to? And is the payment made by A. M. Lasater to be regarded as a payment by J. L. Lasater?"

All of the questions had been decided by the Court of Civil Appeals favorably to the plaintiffs and were certified upon motion for rehear-

ing. We have examined the opinion of the court and think it correctly decided the several points presented. We shall therefore content ourselves with briefly stating our conclusions and citing some authorities in addition to those referred to in the opinion.

1. The weight of authority sustains the proposition that, when such a cause of action as that asserted has accrued, it will, upon bankruptcy of the owner, pass to the trustee in bankruptcy. Monongahela National Bank v. Overholt, 96 Pa. St., 327; Gray v. Bennett, 3 Metc., 522; Tiffany v. Boatman's, etc., Assn., 18 Wall., 375; Tamplin v. Wentworth, 99 Mass., 63; Louisville Trust Co. v. Kentucky National Bank, 87 Fed Rep., 143; Wheelock v. Lee, 64 N. Y., 242; Spicer v. Jarrett, 2 Baxt. (Tenn.), 454; Moore v. Jones, 23 Vt., 739; National Bank v. Trimble, 40 Ohio St., 629; Crocker v. Bank of Chetopa, 4 Dillon, 358. The authorities cited by the Court of Civil Appeals sustain the proposition that, after the close of the administration of the bankrupt's estate and the discharge of the trustee, unadministered assets may be recovered by the bankrupt. The decisions of the Supreme Court of the United States make somewhat doubtful the application of this proposition to a case like this where the trustee had no knowledge of the existence of the asset, and where the suit is brought so recently after the close of the bankruptcy proceeding that it may be reopened and further administration had. Sessions v. Romadka, 145 U. S., 29; Sparhawk v. Yerkes, 142 U. S., 1; Dushane v. Beall, 161 U. S., 513. The bankrupt law does not contemplate that any assets shall be left unadministered; but it sometimes happens that there are such, and, when neither the creditors nor the trustee asserts right to them, it is, we think, proper to regard them, at least as against a wrongdoer, as belonging to the bankrupt. This may often be found necessary, as it seems to be in this case, to prevent destruction of the property right, and a judgment thus preserving the right may be as easily reached by those entitled to do so by proper proceedings as the cause of action itself. If such persons do not choose to proceed, no good reason is seen why the bankrupt himself should not be allowed to recover. Lancey v. Foss, 88 Me., 218.

2. That the interest of plaintiff's former partner in any cause of action which accrued to the firm passed by assignment to plaintiff is, we think, also true. Most of the authorities which hold that such claims pass to trustees in bankruptcy, assignees for creditors, etc., are based upon the proposition that they are assignable, although some of them hold such successors to be "legal representatives" in the sense of statutes giving the action, an interpretation to which we are not now prepared to assent. It is true, however, as argued by Mr. Justice Hunter, that plaintiff has succeeded to the assets and liabilities of the partnership as fully as assignees succeed to those of bankrupts and insolvents, and, if the latter are to be regarded as legal representatives, the former can as well be held to be such. We prefer to hold, that the statute which gives the action to the person paying the usury or "his legal rep-

resentative" evinces the intent that it is not to be regarded as strictly a personal right, and, hence, that it may be assigned.

3. The authorities cited by the Court of Civil Appeals support its decision that the payment made by A. M. Lasater of the usurious interest which the contract bound plaintiff to pay and the payment of which he procured by the conveyance of the property, is to be treated as payment made by him.

4. The assumption by plaintiff of the debts of the partnership did not change the relation of either partner to the bank. They both continued liable for the debt as before. There was imposed on plaintiff no increased obligation to the bank. As between himself and his retiring copartner he became primary liable, but only to the extent that the firm was liable. This was not an agreement on his part to pay for Maggard usurious interest, and hence it can not be held that as part of the consideration for Maggard's interest in the assets plaintiff agreed to pay the debt, usury and all. Their agreement does not affect plaintiff's right to recover. Holland v. Chambers, 22 Ga., 193.