### J. L. LASATER V. FIRST NATIONAL BANK OF JACKSBORO.

Decided July 1, 1905.

**1.—Usury—National Bank—Payment.**

The mere discharge by a party of a note executed by himself and another by giving his own note in renewal thereof will not uphold a recovery from the bank on account of usurious interest in the former note, since the payment contemplated by the federal statute authorizing a recovery of twice the amount of usurious interest paid the bank is an actual payment, and not a further promise to pay. Following ruling in this case in Bank v. Lasater, 196 U. S. 115.

**2.—Same—Renewal Note by Surety—Principal Released.**

Where the renewal note was executed by a surety and the principal on the former note thereby released, the subsequent payment of the renewal note with usurious interest by the surety would not operate to give the principal a right of recovery against the bank under such statute.

Appeal from the District Court of Jack. Tried below before Hon. J. W. Patterson.

*Wayne H. Lasater* and *Howard Martin,* for appellant.—In an action by the debtor to recover back usury paid under a mortgage, or to recover the penalty for taking usury, it is sufficient that such payments were made to the mortgagee by a subsequent purchaser of the mortgaged property under an agreement with the mortgagor to pay the debt as a part of the purchase price. Nelson v. Cooley, 20 Vt., 201, 27 Am. & Eng. Ency. Law, p. 960.

*Thos. D. Sporer* and *E. W. Nicholson,* for appellee.—1. A. M. Lasater being primarily liable, when he paid the note he paid it for himself with his own money, and not out of the proceeds of any cattle he got from appellee, and it was from him that appellee collected the money. 18 Am. & Eng. Ency. Law, 149, 150, and note.

2. Appellant must have made the payment to the bank, as the statute authorizes a recovery back of the usury only by the person who paid it, or his legal representative. Rev. Stats., U. S., sec. 5198; Webb on Usury, sec. 530.

3. The statute, being penal in character, must be strictly construed. Tiffany v. Bank, 85 U. S., 409; Webb on Usury, sec. 531; Schloss v. Railway, 85 Texas, 604; Whitlow v. Culwell, 40 S. W. Rep., 642.

4. It is a familiar principle, in the construction of this section of the National Banking Act, that a joint maker of a note can not sue for the recovery of a penalty for usury paid by another maker. Concordia First Nat. Bank v. Rowley, 52 Kan., 394; Timberlake v. First Nat. Bank, 43 Fed. Rep., 231; Webb on Usury, sec. 530.

SPEER, ASSOCIATE JUSTICE.—This suit is again before us upon a judgment of the Supreme Court of the United States, reversing the judgment of reversal and rendition heretofore rendered in this court on November 8, 1902. For a full statement of the nature of the case, and of the facts material to the questions involved, see the opinion of this court in 72 S. W. Rep., 1054, and of the Supreme Court on certified questions in 96 Texas, 345, 72 S. W. Rep., 1057.

In the opinion of this court, deciding the case upon the original hearing, what we consider to be the most material question involved was disposed of in the following language: "The payment made by A. M. Lasater, the surety, who purchased the mortgaged cattle from appellant, and in consideration thereof agreed to pay off the note to the bank, and in discharge thereof executed his own note, which was afterward paid, was, in law, a payment by appellant in property, and the same as payment in money." Upon a motion for rehearing being filed by the bank, this court certified to the Supreme Court for answer the questions shown in the certificate, as incorporated in the Supreme Court opinion already referred to. The Supreme Court answered generally that the opinion of this court correctly decided the several points presented. This court thereupon overruled the motion for rehearing, whereupon the appellee removed the cause by writ of error to the United States Supreme Court, where a judgment was rendered reversing the judgment of this court and remanding the cause for further proceedings not inconsistent with that opinion. (First Nat. Bank of Jacksboro v. Lasater, 196 U. S., 115, 25 Sup. Ct. Rep., 206.)

The question decided by this court in the language heretofore quoted, and by the Supreme Court upon the certificate, is thus disposed of by Mr. Justice Brewer in the following language: "The mere discharge by A. M. Lasater of the note executed by himself and J. L. Lasater, by giving his own note in renewal thereof, would not uphold a recovery from the bank on account of usurious interest in the former note. (Brown v. Marion Nat. Bank, 169 U. S., 416, 42 L. Ed., 801, 18 Sup. Ct. Rep., 390.) The payment contemplated by the statute is an actual payment, and not a further promise to pay, and was not made until the bank, in June, 1901, received its money. Prior to the renewal by A. M. Lasater, in October, 1900, there were only two or three small cash payments on the indebtedness." It was only upon the theory that the discharge by A. M. Lasater of the note executed by himself and

J. L. Lasater, by giving his own note in renewal thereof, "was, in law, a payment by appellant in property, and the same as payment in money," that this court, in the first place, reversed the judgment of the District Court and rendered one in favor of appellant. But this construction of the federal statute being held to be erroneous by the Supreme Court of the United States, it follows that if appellant ever had a cause of action for usurious interest paid the bank it was by reason of the subsequent actual payment made by A. M. Lasater in June, 1901. This court never intended to hold, nor do we think it should be held, that appellant can avail himself of this final payment made by A. M. Lasater. If appellant ever paid usurious interest to appellee it was on the 17th day of October, 1900, at the time when A. M. Lasater took up appellant's note by substituting his own. Clearly, appellant's debt was discharged at that time. He never afterward owed the appellee anything, and the appellee never took, received, reserved or charged any interest whatever, so far as he is concerned. When A. M. Lasater, in June, 1901, paid the bank the sum of $4,457, he paid his own debt, and not appellant's. Then if the transaction of October 17, whereby appellant's indebtedness to the bank was discharged and he was released, would not uphold a recovery from the bank, it is clear to our minds that, irrespective of the question of fraud upon his part in withholding from his trustee in bankruptcy notice of the existence of this claim, upon which the cause was decided in the United States Supreme Court, appellant has no case, and the judgment of the District Court should be affirmed.

For this reason, and in obedience to the mandate of the United States Supreme Court, the judgment of the District Court is in all things affirmed.

*Affirmed.*