Nash, J.
 

 Several questions of law were made during the trial, and several objections taken to the Judge’s charge. We do not deem it necessary to notice any of them; for, if his'Honor did commit an error in his directions to the jury, it would do the plaintiff no good to grant him a new trial. Upon the case, as it appears before us, it is obvious he cannot recover. The simple statement is, that the defendant loaned to Yeargain at different times $482, upon which large usurious interest was reserved, but that he has’actually received no more than $400 in return. So far from exacting usurious interest, he has not got back that which by law he might have received, which was the actual sum loaned with six per cent, interest on it. He has not, therefore, according to the case, taken one cent of usurious interest, and of course has not incurred the penalty of the law. The plaintiff’s right to a recovery has, before us, been placed on the ground,
 
 *300
 
 that, as the house and lot were, at the time they were con-veye(^ to Hanks, worth $800 — which is more than the sum loaned with legal interest — the defendant has incurred the penalty designated by the act of the General Assembly, by taking the house and lot in discharge of the bonds. We do not think so. The bonds, which were given, as well as the conveyances, could have been avoided for the usury, if suits had been brought to enforce them, as they were but securities for the money loaned. But this is an action to recover the penalty, inflicted by statute, for making an usurious loan, which is double the amount of the money loaned — and, before the defendant can be subjected to this heavy penalty, it must not only be shewn that the loan was usurious, but that the defendant has received
 
 the
 
 usurious interest or some portion of it. And if in this case the house and lot were worth at the time $800, and had by Yeargain, the borrower, been conveyed to the defendant, in payment of the bonds so given by him, and by the defendant so received, it would clearly have been usurious and the penalty incurred; for, in order to complete the usury, it is not necessary the usurious interest should have been received in money — if received in property it is sufficient — the law looking to the substance, and not to the form, of the transaction. That is not the case here. The house and lot are conveyed to' Hanks, not that shall convey them to the defendant, but that he shall sell them and with the proceeds pay the debt due the defendant. The trustee, after due notice, sells the property at public auction, and the defendant becomes the purchaser for the sum of $400 — a sum the full value of .the property and less than the moneys loaned — and the bonds are given up and the deeds satisfied. It may be that Yeargain has been injured by the deterioration of his property — but the loss to borrower is not the only, criterion by which to judge whether a transaction is usurious.
 
 Ehringhaus
 
 v
 
 Ford,
 
 Ired. 528. If a third person had purchased the house and at the sale, for the price the defendant bid for them, the to Yeargain would have been precisely the same ; yet
 
 *301
 
 no one could imagine, for a moment, that, upon trustee’s paying over that money to the defendant and his surrendering the bonds, he would have incurred the penalty of the law. How is the principle varied by the defendant’s purchasing
 
 %
 

 However contaminated the contract was, and unquestionably, according to the statement of the case, it was usurious, we are of opinion that it does not appear, that the defendant has received the usurious interest reserved or any portion of it, and that he has not incurred the penalty of the law.
 

 Per Curiam, Judgment affirmed.