Ruffin, 0. J.
 

 Whether the transaction was in fact a purchase of the bond of Godfrey by the defendant from Sawyer, or was a loan to Godfrey himself, was fairly left to the jury, and has been found against the defendants
 
 *395
 
 Taking it then, to have been a loan to Godfrey, it seems clear, that all the opinions delivered by the Court were correct. That the bond was good in the hands of Sawyer, or that it was good, or not good as a security in the hands of Leigh, can make no kind of difference, as to the liability of the defendant. For there is a clear distinction between the part of the act which avoids the agreement or securities, a,nd that which gives the penalty. The reservation of usurious interest makes the contract void, but it does incur a forfeiture. The forfeiture is incurred only by taking usurious interest, as such. Therefore, although there be a corrupt agreement for excessive interest when the money is advanced, y et no action lies for the penalty, until some illegal interest has been received. So, on the -other hand, if the contract was not for excessive interest, but the lender afterwards received it, he forfeits double the sum lent.
 
 Rex
 
 v.
 
 Allen,
 
 1 Mod. 69, Sir Tho. Raym. 196.
 
 Floyer
 
 v.
 
 Edwards,
 
 Cowp. 114.
 
 Fisher
 
 v.
 
 Bearly
 
 Dougt. 235. So if the bond could be supposed to be extinguished because Sawyer appeared to let'Godfrey have the benefit of it in this manner, it would not be material: for every security for an usurious loan is void, and yet, if illegal interest be paid on it, the penalty arises.
 

 As to the statute of limitations, it is clear that it did not begin to run,, until the payment of the debt on the 23d of March 1842. However it might be, if the bond had been discounted for Sawyer, and less than the sum due on it for principal and interest had been paid to him, yet as in this case the loan was to Godfrey of a certain sum of money, as found by the jury, and Godfrey’s bond was transferred to Leigh by Sawyer, merely as a security, no interest call be considered as having been kept back or as taken by Leigh, as such, before he received the payment in 1842.
 

 It is true, that if a new bond be substituted for one .that is usurious, the offence is not committed, so as to subject the lender to the penalty, until the-second bond.
 
 *396
 
 be paid. But when the debtor does not give his bond merely as a security, but gives that of another person, payable to him and belonging to him, in payment, and it is accepted as payment, it is a payment in law as well as in the common understanding of men. Bullion, taken at an agreed price, may be stated in pleading, as so much money lent or paid.
 
 Barbe
 
 v.
 
 Parker,
 
 1 H. Bl. 283. So payment in money’s worth, as a horse, bank notes, the note of a third person, and the like, was said in
 
 Brisendine
 
 v.
 
 Martin,
 
 1 Ired. 286, to be the same as cash. And lastly, in
 
 Ligon
 
 v.
 
 Dunn,
 
 at the last term, the Court held, that the acceptance by an obligor of a bank check, in payment of a bond, supported the plea of payment in debt
 
 on the bond.
 

 It has been further objected in arrest of judgment, that the declaration is defective in not setting forth the day of making the corrupt contract. But, it seems to be sufficient in that respect, following literally, we believe, the precedent given in 2
 
 Chit. PI.
 
 514, or the common c'ount for usury under the
 
 St.
 
 12
 
 Anne.
 
 It omits all the transaction previous to the 23d of March 1842, except the loan of the money on the 1st of January 1841, (which it may be supposed was made fairly,) and then it alleges that tire defendant took, on the 23d of March 1842, upon a corrupt bargain then made with .the plaintiff, the sum of $124 03, by way of unlawful interest. Now, we have seen, that if, upon, a good agreement, usurious interest be afterwards received, the offence is consummated, and therefore it is plain, that the very .fact of paying and taking the usurious- interest constitutes an agreement for it, and that it may be laid as such, and, consequently, laid as of the day when the illegal interest was paid.
 

 Judgment for the plaintiff on the first count of the declaration affirmed.
 

 Pee Ouetam. . Judgment accordingly;