CITY OF MATTOON

*v.*

JANE FALLIN.

*Filed at Springfield March 30, 1885.*

1. APPEAL—*reviewing facts.* In an action against a city for an injury received in consequence of negligence in keeping its sidewalks in repair, the time and place of the accident, the manner in which it occurred, the condition of the sidewalk at the time, the alleged negligence on the part of the city, and the degree of care which the plaintiff exercised, are all questions of fact, with which this court has nothing to do, except in respect to the ruling of the trial court as to their admission in evidence, or for the purpose of passing upon the instructions.

2. PRACTICE—*as to time and mode of taking advantage of a variance.* In case of a variance between the allegations and proofs of the plaintiff, the defendant should object to the evidence when offered, or move to exclude the same when it is all in, or ask the court to instruct the jury to find for the defendant, so as to afford an opportunity of removing the objection by amendment; and if he does not, the variance can not be urged as a ground of reversal.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Coles county; the Hon. C. B. SMITH, Judge, presiding.

Mr. THOMAS L. McGRATH, for the appellant.

Mr. HORACE S. CLARK, for the appellee.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

In January, 1884, the appellee, Jane Fallin, recovered a judgment in the circuit court of Coles county, against the city of Mattoon, for $1000, on account of injuries received in a fall, occasioned by a defective sidewalk, which the city, as is charged, negligently suffered to become and remain out of repair. This judgment, on appeal, was affirmed by the Appellate Court for the Third District, and the city appealed to this court.

The point chiefly relied on for a reversal is, the declaration locates the defective sidewalk on the east side of B street, between Western avenue and Prairie avenue, whereas, it is claimed, the proofs show that the accident occurred in Prairie avenue itself, and that the evidence relied on to establish negligence on the part of the city relates mainly, if not altogether, to B street, and not to Prairie avenue, where the accident happened. Without stopping to inquire whether this is true as matter of fact, we do not think the point is well taken. The time and place of the accident, the manner in which it occurred, the condition of the sidewalk at the time, the alleged negligence on the part of the city, and the degree of care which the plaintiff exercised, were all questions of fact, with which we have nothing to do, except in so far as the trial court may have made some ruling in respect to them, and except, also, for the purpose of passing upon the instructions. If there was a variance between the proofs and declaration, as is now claimed, the defendant should have objected to the evidence at the time, or, at any rate, after the evidence was all in, should either have entered a motion to exclude it from the jury, or have asked the court to instruct the jury to find for the defendant. But nothing of this kind was done. If this question had been raised in the trial court in either of the ways here suggested, assuming the variance to exist, it would have afforded the plaintiff an opportunity of amending her declaration so as to correspond with the facts proved; but instead of this the defendant remains silent, raises no objection to the relevancy of the evidence, goes before the jury upon the proofs as submitted, speculating on the chances of a verdict in its favor on the merits, and being unsuccessful in this, it removes the case to a court of review, where, for the first time, this specific objection is raised. Even in the motion for a new trial we do not find it. To permit the defendant, after all this, to finally prevail here on this defence, would be highly unjust to appellee. She is

quite an old lady,—seventy-five years of age when she testified in the cause. The accident was clearly without any fault on her part. It occurred in the evening, between sundown and dark, while she was on her way to church, she being accompanied at the time by a lady friend, who stepped on a loose plank in the sidewalk, causing it to tilt up in front of appellee, whereby she was thrown upon the sidewalk, breaking her arm and otherwise seriously injuring her. By reason of her extreme age the bones of the broken arm did not unite, and, as the attending physician testifies, never will. Her suffering has been great, and her injury is permanent. In any view that may be taken of the case, it is certainly a serious one to her, and if, as the jury has found, the irreparable injury she has sustained was occasioned by the negligence of the city, no mere technicality should relieve it from responsibility.

We perceive nothing in the objections made to the instructions. They are substantially correct, and fully as favorable to the city as the law warrants.

Upon the whole, we think the law is with the appellee, and the judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*