E. F. PRITCHARD v. J. C. MEEKINS, SR.

*Usury—Limitations.*

1. The Statute, *The Code*, §3836, barring actions for the recovery of the penalty for taking usury, begins to run from the time of the *payment* or *receiving* of the usurious interest, and not from the date of the contract from which it arose.

2. The acceptance of any consideration, as here notes on other parties in payment of the usurious interest, is in violation of the statute, and will subject the payee to the penalty.

(*Symington* v. *McLin*, 1 D. & B., 291; *Godfrey* v. *Leigh*, 6 Ired., 396; *Ligon* v. *Dunn*, Ibid., 133; *Dawson* v. *Taylor*, Ibid., 225; *Stedman* v. *Bland*, 4 Ired., 296; *Mills* v. *Building Association*, 75 N. C., 292, and *Shober* v. *Hauser*, 4 D. & B., 91, cited and approved). '

CIVIL ACTION, tried before *Avery, Judge*, at June Term, 1887, of the Superior Court of PASQUOTANK county.

In August, 1883, the plaintiff and his wife Emily borrowed of the defendant Meekins $2,500, and at the same time executed their notes amounting to $2,772 (the same set out in the complaint), which were secured by mortgage upon the lands of Emily, containing power of sale.

The plaintiff claimed that the excess of the notes above $2,500, to-wit, $272, was to cover and provide for usurious interest. The defendant, on the other hand, alleged that the plaintiff had agreed to pay in addition to the eight per cent. all costs and expenses, including attorney's fees, expenses of

defendant in coming to Elizabeth City from his home in Columbia, his time, &c., and that the said excess was to cover those expenses and costs.

Upon the issue thus raised evidence was introduced by the parties in support of their claims, and the jury found against the defendant.

No part of the principal or interest of the notes was paid at maturity, and on November 17, 1885, after the lands had been twice advertised for sale, the following settlement was had, to wit: part of the land described in the mortgage was sold to one Joshua Davis, by consent of the parties, at the price of $2,000, and his notes for that amount, due January 1, 1887, January 1, 1888, and January 1, 1889, payable to E. F. Pritchard and Emily Pritchard, were assigned by them to the defendant—and received by defendant at their face value of two thousand dollars—as follows: " Pay within note to J. C. Meekins without recourse.

(Signed)    " E. F. PRITCHARD,
EMILY PRITCHARD."

And in addition thereto they paid him in cash $1,400, whereupon the notes of August 21, 1883, were surrendered to the makers, marked across their face "settled November 17, 1885." This action was begun November 19, 1885.

The defendant contended: 1st. That the action is barred by the statute of limitations. 2d. That the assignment of the notes as aforesaid and the payment of the money, are not, under a proper construction of the statute, §3836 of *The Code*, a payment so as to subject the defendant in this action to the penalty for usury.

The Court held against the defendant on both points, and he excepted. The Court rendered judgment for the plaintiff for the sum of $450. From this judgment defendant appealed to the Supreme Court.

*Mr. Ernest Haywood,* for the plaintiff.
*Mr. John Gatling,* for the defendant.

DAVIS, J.   The jury having found that it was no part of
the agreement and consideration that the plaintiff was to
pay in addition to the sum loaned all costs and expenses,
attorney's fees, &c., two questions only are presented for our
consideration.

First.   Is the action barred by the statute of limitations?

The sum of $2,500 was borrowed and notes in the aggre-
gate for $2,772 were given, in August, 1883; the payments
were made and the notes settled and surrendered on the 17th
of November, 1885, and the action commenced on the 19th
of November, 1885.

The learned counsel for the defendant insisted that the
usurious transaction, if any, *occurred* when the notes were
given in August, 1883, and that two years from that time
having elapsed before the action was commenced the statute
barred, and for this position he relied upon the language of
*The Code,* §3836.   That section provides that "the taking,
receiving, reserving or charging a rate of interest greater
than is allowed   *   *   *   shall be deemed a forfeiture of
the entire interest   *   *   *   and in case a greater rate of
interest has been paid, the person by whom it has been paid
*   *   *   may recover back in an action in the nature of an
action of debt twice the amount of interest paid: *Provided,*
such action shall be· commenced within two years from the
time the usurious transaction occurred."

No such construction as is insisted upon by the defendant's
counsel can be placed upon this statute.   A *usurious trans-
action* occurred when the defendant received a greater rate
of interest than was allowed by law.   It was the usurious
transaction of *taking or receiving* that entitled the person by
whom the usurious interest was paid to recover it back; and
in this case the transaction *occurred* only two days before the

action was commenced. The statute did not bar. *Godfrey* v. *Leigh*, 6 Ired., 396; *Stedman* v. *Bland*, 4 Ired., 296.

Second. It was insisted that the assignment of the notes of Joshua Davis and the payment of the money, were not, under a proper construction of §3836 of *The Code*, such a payment as would subject the defendant in this action to the penalty for usury.

The payment of $1,400 in money and the acceptance of the notes of Joshua Davis for $2,000, endorsed by the plaintiff "without recourse," and the surrender of the note of August, 1883, were in full payment, and the plaintiff ceased to be a debtor or in any way liable to the defendant.

It was a payment in money and money's worth, and when received by the defendant in payment subjected him to the penalty. The notes of Joshua Davis were accepted by the defendant in payment *pro tanto*, and that was a discharge in the same manner as if he received money. *Ligon* v. *Dunn*, 6 Ired., 133; *Symington* v. *McLin*, 1 D. & B., 291; *Godfrey* v. *Leigh*, and *Stedman* v. *Bland*, *supra;* *Mills* v. *Building and Loan Association*, 75 N. C., 292; *Dawson* v. *Taylor*, 6 Ired., 225; *Shober* v. *Hauser*, 4 D. & B., 91.

There is no error and the judgment is affirmed.

No error.                                    Affirmed.