SMITH W. COFRAN & another *vs.* JAMES S. SHEPARD.

Suffolk. January 28, 1889. — February 28, 1889.

Present: MORTON, C. J., FIELD, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Landlord and Tenant — Lease — Tenants in Common — Tenancy at Will — Tenant at Sufferance — Rent — Parties to Action — Misjoinder.*

A tenant in common of premises and a lessee thereof under a valid written lease cannot join in an action to recover rent from a tenant at sufferance, whose tenancy at will was terminated by the lease.

CONTRACT by Smith W. Cofran and Elizabeth L. B. Stearns, for the rent of certain premises from July 21, 1886, to October 6, 1886. The case was submitted to the Superior Court, and, after judgment for the plaintiffs, to this court, on appeal, on an agreed statement of facts, in substance as follows.

The premises in question are owned by Mary Leman and the plaintiff Stearns jointly. Leman and Stearns, on June 1, 1886, let the premises to the defendant, as a tenant at will, at ten dollars per month, payable at the end of each month. On July 22, 1886, Leman, without the knowledge of Stearns, but with her subsequent assent, executed and delivered a written lease

of the premises for one year to the plaintiff Cofran. Cofran immediately notified the defendant of the lease, and to quit said premises without delay, and subsequently brought an action against the defendant to recover possession thereof.

On October 6, 1886, Cofran was nonsuited in that action, the written lease to him was cancelled, and another lease of the premises was given by Leman and Stearns to Amos U. Shepard. The defendant occupied the premises until October 29, 1886, and paid no rent. Leman and Stearns have obtained judgment against the defendant for the use and occupation of the premises during June, 1886.

If the plaintiffs could maintain this action jointly, judgment was to be entered for the plaintiffs for twenty-five dollars.

*J. H. Butler*, for the plaintiffs.

*C. W. Cushing*, for the defendant.

C. ALLEN, J. Leman and Stearns were tenants in common of the premises, and Leman alone executed a lease for a year to Cofran. This lease was never avoided by Stearns, but was subsequently consented to by her. Whether Stearns might have avoided the lease is unimportant. Since she did not undertake to avoid it, the lease was valid, not having been avoided, and had the effect to terminate the tenancy at will of the defendant. *Rising* v. *Stannard*, 17 Mass. 282. *Cunningham* v. *Pattee*, 99 Mass. 248. *Grundy* v. *Martin*, 143 Mass. 279. The defendant as tenant at sufferance was liable for rent; Pub. Sts. c. 121, § 3; and Cofran, being lessee under a valid lease, had a right to recover the rent. *Bunton* v. *Richardson*, 10 Allen, 260. Stearns was not properly joined as a plaintiff in the action, and no judgment can be rendered in favor of the plaintiffs jointly. This narrow question is the only one presented to us. There was no motion to amend by striking out the name of Stearns as plaintiff.

*Judgment reversed.*