ALBION NATIONAL BANK V. GEORGE M. MONTGOMERY ET AL.

FILED APRIL 21, 1898.   No. 8009.

1. National Banks: USURY. The inhibition contained in section 5197, Revised Statutes U. S., is general and forbids the taking of usurious interest by a national bank from an artificial as well as from a natural person.

2. Statutes: CONSTRUCTION: PENALTIES. A statutory enactment which provides by whom, and under what procedure, a penalty previously created may be recovered is not a penal statute, and there exists no reason for a requirement that it be strictly construed.

3. National Banks: ACTION FOR USURY: PARTIES. The right to recover double the amount of usury paid to a national banking association is, by section 5198, Revised Statutes U. S., conferred as well upon artificial as upon natural persons.

ERROR from the district court of Boone county. Tried below before THOMPSON, J. Affirmed.

J. A. Price, for plaintiff in error.

H. C. Vail and Montgomery & Hall, contra.

RYAN, C.

In this case there was a judgment on a verdict against the Albion National Bank in the sum of $560.60. In the

petition there were twenty-two causes of action, which were tried, and each of these was for double the amount of interest paid to the bank in excess of ten per cent per annum. The errors assigned in the motion for a new trial were as follows:

"1. The verdict is not sustained by sufficient evidence.

"2. The verdict is contrary to law.

"3. Errors of law occurring at the trial duly excepted to.

"4. The verdict is contrary to the instruction asked by defendant.

"5. The court erred in giving the instruction given by the court on its own motion."

Considering these in the inverse order of the statement of them, it is sufficient to say as to the final assignment that we cannot consider it, for it is directed to a single instruction in a class of which there were nine.

The instruction asked by defendant was to the effect that the taking of unlawful interest must have been done "knowingly." This assignment, therefore, is in effect that there was no evidence to sustain the contention that the usurious interest was intentionally exacted. Mr. Montgomery testified that interest was paid, as agreed with the bank, at the rate of one per cent per month. He likewise testified as to several payments of usurious interest that they were knowingly received by the bank. Aside from this, his description of the uniform rates at which interest was paid to the bank sufficiently warranted the jury in finding that this uniformity was not attributable to either accident or mistake on the part of its officers.

The assignment of "errors of law occurring at the trial duly excepted to" is not sufficiently definite to challenge attention to any particular part of the trial, and for enlightenment on this subject we must resort to the petition in error, in which we find that the particular error assigned as having occurred on the trial was the overruling of an objection to the introduction of any evidence

against the bank for the reason that the federal statute, by virtue of the provisions of which this suit was brought, authorized a person, but not a partnership, to maintain such an action.  Section 5197 of the Revised Statutes of the United States authorizes the taking of interest allowed by the laws of the state or territory wherein a national bank is located, but forbids taking interest in excess of such rate.  In the section immediately following that above referred to there are the following provisions: "In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same."  It is argued that the statute under consideration is penal in its nature; that it therefore should receive a strict construction; from which predicates it would of necessity result that only a natural person could sue for the recovery of usurious interest.  It is observable that section 5197, with respect to the exaction of usury, is general in its provisions and is applicable to all national banking associations.  The rule that penal statutes must be strictly construed has no application to this inhibition, for national banks are forbidden to collect interest in excess of the legal rate from either an artificial or a natural person.  The provisions quoted from section 5198 apply to a national bank only when it has already violated the provisions of the preceding section, and even then it prescribes how a penalty, for which it has rendered itself civilly liable, may be recovered. We have been cited to no adjudicated case holding that under such circumstances, where a statute provides that a suit may be brought for a statutory penalty by a person, the plaintiff must of necessity be a natural person.  On the other hand, we have found that the cases cited by the defendant in error sustain his contention that the person contemplated may be artificial as well as natural. (*United States v. Amedy*, 11 Wheat. [U. S.] 391; *Commer-*

*cial Bank of Manchester v. Nolan,* 7 How. [Miss.] 508; *Grand Gulf Bank v. Archer,* 8 S. & M. [Miss.] 151; *United States v. McGinnis,* 1 Abb. [U. S.] 120; *Dickie v. Boston & A. R. Co.,* 131 Mass. 516; *Brookhouse v. Union R. Co.,* 132 Mass. 178.) By an independent search we have found no reason for doubting the correctness of the position sustained by the cases just cited, and we therefore conclude that the above quoted provisions of the federal statute are as available to a partnership as to a natural person.

Incidentally this disposes of the assignment that the verdict was contrary to law; and, with respect to the assignment that the verdict was not sustained by sufficient evidence, it would be unprofitable to state it in detail. We therefore content ourselves with the general observation that this position is not well taken.

The judgment of the district court is accordingly

AFFIRMED.