## RUSHING v. BIVENS.

(Filed March 31, 1903.)

USURY—*Interest—Payments—The Code, Sec. 3836.*

> Usury must be paid in money or money's worth before an action can be maintained therefor, and the renewal of the note given for the usury does not amount to payment.

ACTION by B. Rushing against T. E. Bivens, heard by Judge *W. S. O'B. Robinson* and a jury, at October Term, 1902, of the Superior Court of UNION County.

### ISSUES.

1.   Did the defendant charge the $20 as usury?
Answer:   "Yes."
2.   Has the plaintiff paid the debt due the defendant?
Answer:   "Yes."
3.   What amount, if any, is the plaintiff entitled to recover?
Answer:   "$40.00."
From a judgment for the plaintiff, the defendant appealed.

*Redwine & Stack,* for the plaintiff.
*Adams & Jerome,* for the defendant.

CONNOR, J.   This is an action brought before a justice of the peace "for the non-payment of $60 and interest, and for the relief demanded in the complaint, due by debt for usurious interest charged, taken and received from plaintiff by defendant." The justice rendered judgment for the plaintiff for the sum of $66 based upon the finding of fact that the defendant "charged, took and received from the plaintiff usury in the amount of $28." The defendant appealed. The jury upon issues submitted in the Superior Court found that the defendant charged the plaintiff $20 usury; that the "plaintiff paid the debt due the defendant," and was entitled

to recover $40. Judgment was rendered accordingly and the defendant appealed.

The plaintiff testified that he made a contract to pay the defendant $85 for a mule and that the defendant was to pay off a lien on his land for $45. He was to have three years to pay the debt and was to pay the defendant $20 for the three years. If he paid all the first year, he was to pay only one-third of the $20. He executed a mortgage on his land to secure $150, payable in three annual instalments with interest from date, and E. C. Griffin took up the notes and mortgages, he gave Griffin a new note and mortgage January 23, 1902. He never paid anything on the debt and never paid Griffin anything.

The defendant testified that he sold the plaintiff the mule for $105; that he offered him the mule for $85 cash; plaintiff agreed that the mule was worth $105 and said that he would give that amount if he would also let him have $45 to pay Simpson to take up the mortgage which he, Simpson, held; that he would give me a mortgage for $150 on his land; charged the additional $20 as the difference between the credit and cash price of the mule, and because mules had gone up between the time we first agreed upon the price and the time we traded.

At the close of the plaintiff's testimony the defendant moved the court to dismiss the action or non-suit plaintiff. The motion was denied and defendant excepted. At the conclusion of the defendant's testimony he renewed his motion to dismiss, which was refused, and defendant excepted. The defendant in apt time requested the court to give the following special instructions:

1. If the jury find from the evidence that the plaintiff has never paid E. C. Griffin on the debt due him; and that Griffin simply took up the note and mortgage from plaintiff to defendant and also took a new note and mortgage for the

debt, and that plaintiff never paid defendant anything on the debt, then plaintiff is not entitled to recover, and the jury will answer the third issue "Nothing."

2.   If the jury find from the evidence that plaintiff simply agreed to pay defendant the additional $20 for waiting on him for three years before collecting the debt, and that this was only a difference between the cash and credit price of the mule, then plaintiff is not entitled to recover, and the jury will answer the third issue "Nothing."     Both prayers were refused and defendant excepted.   The court among other things charged the jury that if they believed the evidence, to answer the second issue "Yes."   Defendant excepted and appealed.

We are of the opinion that his Honor was in error in refusing the defendant's motion to non-suit the plaintiff and in refusing the instructions asked by the defendant.   Section 3836 of The Code provides that "The taking, receiving, reserving or charging a rate of interest greater than is allowed *   *   *   * shall be deemed a forfeiture of the entire interest *   *   *   * and in case a greater rate of interest has been paid, the person by whom it has been paid *   *   *   * may recover in an action, in the nature of an action for debt, twice the amount of interest paid."

We think that before the plaintiff can maintain the action he must pay the usury in money or money's worth.   He has done neither.   He has paid nothing.   It is well settled that the penalty is not incurred by the *charging* of usurious interest; it is by the *taking* the usury that the party incurs the penalty, and that no action lies therefor until it is paid. *Godfrey v. Leigh,* 28 N. C., 390; *Stedman v. Bland,* 26 N. C., 296.   The renewal of the note to Griffin falls very far short of the payment of the original debt.   If the plaintiff had given in payment and discharge the note of a third person, it would have been a good payment.   *Pritchard v.*

*Meekins,* 98 N. C., 244. The plaintiff may never pay the renewal notes. The testimony in this case certainly raises no very strong presumption that he will do so at maturity.

We think that the motion of the defendant should have been sustained. For the error in refusing it, he is entitled to a

New Trial.