## CITIZENS' STATE BANK OF FT. GIBSON v. STRAHAN et al.

No. 6073.    Opinion Filed May 15, 1917.

(165 Pac. 189.)

(Syllabus by the Court.)

**1. Pleading—Petition—Striking Parts.**

Record examined, and held, that the trial court did not err in overruling defendant's motion to strike certain portions of plaintiff's petition.

**2. Appeal and Error—Misjoinder of Parties Plaintiff—Failure to Object—Waiver.**

By virtue of our liberal statute which allows amendments as to parties at any stage of the proceedings, the question of misjoinder of parties plaintiff, being an exception which, if taken below, might have been obviated by an amendment, will be held to be waived unless raised in some manner before or at the trial.

**3. Statutes—Construction of Statutes in Derogation of Common Law.**

In this jurisdiction it is provided by statute (section 2948, Rev. Laws 1910) that "the rule of the common law, that statutes in derogation thereof are to be strictly construed, has no application to the laws of this state, which are to be liberally construed with a view to effect their objects and to promote justice."

**4. Usury—Action to Recover—Necessity of Demand—Form.**

Although demand and refusal be a requisite to the right of the plaintiff to commence an action for the recovery of usury paid, yet, when the law does not require any particular form or condition for either, any demand will be sufficient which notifies the lender that the borrower intends to claim the benefits given him by the statute.

**5. Same—Statute.**

Record examined, and held, that the demand herein constitutes a substantial compliance with the proviso of section 1005, Rev. Laws 1910, which provides: "Provided, such action shall be brought within two years after the maturity of such usurious contract; provided, further, that before any suit can be brought to recover such usurious interest, the party bringing such suit must make written demand for return of such usury."

**6. Appeal and Error—Presentation of Grounds of Review—Motion For New Trial—Amount.**

The Supreme Court will not examine the record to ascertain whether the amount found by the court or jury is the correct amount, or, indeed, review any of the other alleged errors committed at the trial which are not presented in the lower court for reexamination by motion for new trial or otherwise.

Error from Superior Court, Muskogee County; Farrar L. McCain, Judge.

On rehearing. Judgment affirmed.

Action by Kent Strahan and another against the Citizens' State Bank of Ft. Gibson, for usury. Judgment for plaintiffs, and defendant brings error.

Former opinion (59 Okla. 215, 158 Pac. 378) withdrawn.

Guy F. Nelson, for plaintiff in error.

W. D. Halfhill and O'Hare & Davidson, for defendants in error.

KANE, J. This was an action commenced by the defendants in error, plaintiffs below, against the plaintiff in error, defendant below, for the purpose of recovering twice the amount of certain usurious interest paid by the plaintiffs and retained by the defendant, contrary to section 1005, Rev. Laws 1910. Hereinafter the parties will be called "plaintiffs" and "defendant," respectively, as they appeared in the court below. After the evidence was all in, the jury, by direction of the trial court returned a verdict in favor of the plaintiffs for the sum of $773.16, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

Whilst the petition in error herein contains many assignments of error, counsel for defendant in his brief summarizes the points

upon which he relies for reversal under the following subheads:

First. The court erred in overruling defendant's motion to strike from plaintiffs' second amended petition all reference to the borrowing of the sum of $500 on October 20, 1909, for which a note for $518.75 was given, due January 20, 1910; and all reference to the borrowing of $400 on November 24, 1909, for which a note for $412 was given, due January 24, 1910; and all reference to the payments made on said notes, to wit, the sum of $30.75 on January 20, 1910, and the sum of $12 on January 25, 1910—to which adverse ruling the defendant excepted.

Second. The court erred in overruling the defendant's demurrer to the evidence of plaintiff, to which the defendant excepted, and for error of the court in refusing to give the peremptory instruction requested by the defendant to find a verdict for the defendant, to which the defendant excepted.

Third. The court erred in giving a peremptory instruction to find a verdict for the plaintiffs in the sum of $773.16, to which defendant excepted.

Fourth. The court erred in overruling the defendant's motion for a new trial, to which the defendant excepted.

The first assignment of error is based upon the assumption that the instruments mentioned in the motion to strike, upon which the usurious interest was alleged to have been paid, matured two years prior to the commencement of this action; therefore, they say, all right of action for double recovery of interest thereon was barred by that part of the statute which requires such action to be commenced within two years after the maturity of the usurious contract. The evidence tends to show that the various notes referred to in the motion to strike were simply renewals of several original notes; that all the notes involved herein, 13 in number, were part of the same contract, and simply evidenced the original loan of $900, which was the only money plaintiffs ever received from the bank. In order to extend the time of payment of the original notes, renewal notes were made from time to time; the original consideration supporting them all. The contract to pay the borrowed sum of $900 did not finally mature until July 1, 1912, which was the date of maturity of the last renewal note. As this action was commenced in August, 1912, it is apparent that this was well within the statutory period of two years.

The contention of counsel as to the second assignment is to the effect that, inasmuch as the evidence showed the plaintiffs jointly executed the notes upon which this action is based, and that all the payments of interest made upon such alleged usurious contract were made by plaintiff Kent Strahan, and that no payments were made or paid by plaintiff Maud Strahan, therefore it was error to overrule the defendant's demurrer to the evidence. The demurrer to the evidence is in the following form:

"Comes now the defendant and demurs to the evidence offered by the plaintiffs for the reason that it does not prove facts sufficient to constitute a cause of action against the defendant and in favor of the plaintiffs."

This did not directly present to the trial court for consideration the question of misjoinder of parties plaintiff now raised by counsel. Neither does this question appear to have been presented to the trial court for re-examination by the defendant in its motion for a new trial, the formal grounds for which are stated as follows:

"First. For error of the court in overruling the objection of the defendant to the introduction of any evidence, to which the defendant at the time excepted.

"Second. For error of the court in the admission of evidence, over the objection of the defendant, to which the defendant at the time excepted.

"Third. For error of the court in excluding evidence offered by the defendant, to which ruling the defendant at the time excepted.

"Fourth. For error of the court in overruling the demurrer of the defendant to the evidence, to which the defendant at the time excepted.

"Fifth. For error of the court in refusing the peremptory instruction offered by the defendant.

"Sixth. For error of the court in refusing instruction No. 1 offered by the defendant.

"Seventh. For error of the court in giving the peremptory instruction to find a verdict for the plaintiffs, over the objection of the defendant."

It is well settled that under liberal statutes, similar to ours, authorizing amendments as to parties, a misjoinder has lost much of its former importance, and unless raised in some manner before or at the trial it will usually be held to have been waived, and consequently cannot be raised for the first time on appeal. 15 Enc. Pl. & Pr. 581; White v. Portland, 67 Conn. 277, 34 Atl. 1022; Nelson v. Smith, 54 Ill. App. 346; Mattoon v. Fallin, 113 Ill. 249; Cofran v. Shepard, 148 Mass. 582, 20 N. E. 281. Cruchon v. Brown, 57 Mo. 38.

The question of misjoinder of plaintiffs not having been directly raised at the trial, we think it now comes too late. It is an ex-

ception which, if taken at the trial, might have been obviated by an amendment. The ample power, now given to courts, to allow amendments without costs, renders this objection comparatively unimportant, when it does not affect the merits of the case.

The next contention of counsel is to the effect that the demand made by the plaintiffs for the return of the alleged usurious interest was not in substantial compliance with the part of the statute (section 1005, Rev. Laws 1910) which provides that:

"Before any suit can be brought to recover such usurious interest, the party bringing such suit must make written demand for" such usurious interest.

The demand was in the following form:

"Demand is hereby made upon you to return to, and pay to the undersigned, $112.35, the same being for usurious and illegal interest paid to you upon a certain loan made to us during the years of 1910 and 1911; the final payment and settlement made to you on or about the 12th day of July, A. D. 1912."

It seems that the amount stated in the demand was the sum plaintiffs conceived they had paid as usurious interest, and the contention is that, inasmuch as the demand was for a specific sum, which was not double the amount of the usury paid, it was not such a demand as the statute required as a condition precedent to the right of the plaintiffs to commence their action. In discussing the question of a proper demand in Miller et al. v. Oklahoma State Bank of Altus et al., 53 Okla. 616, 157 Pac. 767, which was an action similar to this, the court, in an opinion by Mr. Justice Brown, said:

"We also hold that under the second subdivision of said section 1005, where the borrower of money pays therefor a greater rate of interest than 10 per cent. per annum, he, or his legal representatives, may, within two years after maturity of such usurious contract, recover from the person, firm, or corporation taking or receiving such interest twice the amount of the interest so paid, provided that, before bringing such suit, the party bringing the same must make written demand of the party to be sued for payment of the sum so authorized by the statute to be recovered."

And again in the same opinion, speaking upon this question the court in effect reiterates its former statement as follows:

"Where interest has been paid greater than 10 per cent. per annum, the party paying the same may recover double the sum so paid, where the action therefor is within two years after maturity of the usurious contract and after due demand for payment of the sum entitled to be recovered."

Therefore we take it that it is settled law in this jurisdiction that, before commencing an action of this kind, the plaintiff is required to make written demand of the party to whom such usurious interest has been paid for the sum authorized by the statute to be recovered; that is, twice the amount of the interest so paid. Now the question arises whether the demand herein, which was not for twice the sum entitled to be recovered, but for a much smaller sum, was a substantial compliance with the terms of the statute. We find this question also answered—and rightly answered, we think —in the affirmative by a former opinion of this court. Ardmore State Bank v. Thompson, 65 Oklahoma, 164 Pac. 977. In that case, as in this, it was contended that, inasmuch as the plaintiff "did not make demand for the return of the usury before bringing his action, but that instead he made the demand for the return of the whole interest paid, the demand was not in substantial compliance with the statute." The court held that when the contract is usurious and the borrower makes a written demand requesting the return of the whole interest so paid, instead of twice the interest paid over and above the amount allowed by law, such borrower is within his rights.

In another case (Texmo Cotton Exchange Bank v. Liston, 61 Okla. 33, 160 Pac. 82), the demand was for a return of the usurious interest charged, reserved, taken, and received, and the forfeiture and penalty therefor, without stating any amount. The demand was held to be a substantial compliance with the provisions of section 1005, Rev. Laws 1910, relative to the demand for usury paid. In passing upon this question, the court, speaking through Mr. Commissioner Hayson, who prepared the opinion for the court, said:

"The written demand made by Liston was a substantial compliance with the provision in section 1005, Revised Laws 1910, relative to demand prior to the bringing of the suit. The party to whom usury is paid is in as good a position to know the amount of such usury as the party who pays. In most instances he is in a better position, and better qualified in both education and training. He may repay such usury upon written demand being made, and save himself the costs, expenses, and penalty incident to the litigation of the matter. But when a substantial compliance with the law has been met by the party who pays such usury, to the party receiving the usury, by serving upon such party who receives the usury a written demand for its return, and such demand is refused, and suit is brought and a recovery had, the cause will not be reversed because of some technical error as to the amount demanded, so long as the judgment

is within the amount demanded in the written demand and is upheld by the evidence in the record."

And in still another case (Ardmore State Bank v. Lee, 61 Okla. 169, 159 Pac. 903), it was held, "The notice is not defective merely because a greater sum was demanded than was due." It is quite apparent from the foregoing cases, and others of like tenor which might be cited, that this court, there being no statutory requirement as to form, has uniformly held any form of demand sufficient which notifies the lender that the borrower intends to enforce his rights under the penalty clause of the usury statute. Generally, it may be said that, although demand and a refusal be a requisite to the right of the plaintiff to commence an action, yet, when the law does not require any particular form or condition for either, any demand will be sufficient which is understood by the parties to be a claim to money or property on one side and a refusal to pay or deliver on the other. 1 Cyc. 696; Kiefer v. Carrier, 53 Wis. 404, 10 N. W. 562; Smith v. Schulenberg, 34 Wis. 41; Colby v. Reed, 99 U. S. 560, 25 L. Ed. 484. In the latter case, the party making the demand demanded a sum largely in excess of that which he was entitled to. It was contended that this was not a proper demand. The court in passing upon the question thus raised says:

"Responsive to the second request, the judge told the jury that where a party demands more than he is entitled to receive, that circumstance alone will not justify the other party in refusing to deliver that part of the property to which the party making the demand is entitled, provided it is distinct, well known, and clearly distinguishable from that to which the demanding party had no right; that if the party demanded $45,000 of the stock when he was only entitled to $32,000 of the same, the defendant could not properly refuse to deliver what the plaintiff was entitled to receive, on the ground that the demand was excessive. Injustice and inconvenience would flow from any different rule, and, inasmuch as we are all of the opinion that the instruction was correct, it is not deemed necessary to pursue the subject."

The great weight of authority, both in the state and federal courts, is that usury statutes, being remedial, should be given a liberal construction that will carry out the intention of the lawmaking body. Ordway v. Central Nat. Bank, 47 Md. 217, 28 Am. Rep. 455; Farmers' Nat. Bank v. Dearing, 91 U. S. 29, 23 L. Ed. 196; Baker v. Bryant, 24 Cal. 87, 140 Pac. 310; Citizens' Bank v. Donnell, 172 Mo. 384, 72 S. W. 925; Albion Nat. Bank v. Montgomery, 54 Neb. 681, 74 N. W. 1102.

In this jurisdiction it is provided by statute (section 2948, Rev. Laws 1910) that:

"The rule of the common law, that statutes in derogation thereof are to be strictly construed, has no application to the laws of this state, which are to be liberally construed with a view to effect their objects and to promote justice."

The object of requiring the plaintiff to make demand before the commencement of his action undoubtedly is to afford the defendant an opportunity to refund the penalty imposed upon him by statute by taking a rate of interest greater than is allowed by law without being put to the expense and inconvenience of litigation. In these circumstances, any demand which notifies the lender that the borrower intends to claim the benefits given him by the usury law constitutes a substantial compliance with the provisions of section 1005, Rev. Laws 1910, relative to the written demand for the return of the usury paid. And so we say here, as was said in effect in Colby v. Reed, supra, and the other cases hereinbefore cited, the demand being sufficient to notify the defendant that the plaintiff intended to claim the benefits given him by the usury statute, the mere fact that it was for a sum less than he was entitled to did not justify the defendant in refusing to tender at least the sum demanded, and then rely upon this technical defect in the demand to defeat any recovery.

There is some contention, made for the first time in this court, that the judgment entered by the trial court is excessive. By referring to the grounds for new trial presented below, which elsewhere are set out in full, it will be seen that this question was not raised in the court below, nor presented to the trial court for re-examination in the motion for a new trial. It is well settled that the Supreme Court will not examine the record to ascertain whether the amount found by the court or jury is the correct amount, or, indeed, review any of the other alleged errors committed at the trial which are not presented in the lower court for re-examination by motion for new trial or otherwise. McDonald v. Carpenter, 11 Okla. 115, 65 Pac. 942; Osborne & Co. v. Case et al., 11 Okla. 479, 69 Pac. 263; Weaver v. Kuchler et al., 17 Okla. 189, 87 Pac. 600.

The latest expression by this court on this question called to our attention may be found in Frick-Reid Supply Co. v. Hunter, 47 Okla. 151, 148 Pac. 83, wherein the point was made that the judgment was excessive because the trial court allowed interest at the rate of 7 per cent. instead of 6 per cent. per annum from date of the rendition of the judgment. In passing upon this question, Mr. Justice

Sharp, who delivered the opinion for the court, says:

"As to the point that the judgment should bear 6 and not 7 per cent· interest per annum from date of rendition, we find that no objection, to the allowance or rate of interest that the judgment should bear, was made in the lower court either at the time the journal entry of judgment was prepared and filed or in the motion for a new trial. It is a rule of very common application that objections must be made in the trial court in order to reserve questions for review. This assignment cannot therefore be considered."

For the reasons stated, the judgment of the court below is affirmed.

All the Justices concur.