## FIRST STATE BANK OF CHANDLER v. POOL.

No. 8205—Opinion filed Sept. 18, 1917.

(167 Pac. 760.)

**1. Usury—Recovery of Usurious Interest—Conditions Precedent.**

The conditions precedent to a recovery under section 1005, Revised Laws 1910, of usurious interest paid, are that the party paying usurious interest must make written demand upon party receiving such interest for the return thereof, and upon failure of the party to whom such demand is made to make such return, to bring action therefor within two years after the maturity of the usurious contract upon which such interest is paid.

**2. Same—Amount of Recovery.**

The amount of the recovery in an action to recover usurious interest is not limited to the amount named in the written demand made by the borrower upon the lender, but a recovery may be had for double the usurious interest paid under the transaction to which such notice relates.

**3. Same—Limitation of Actions.**

Where usurious interest is paid more than two years prior to the bringing of an action for the recovery of same, the recovery of usurious interest so paid is barred by the statute of limitation. the running of the statute to commence from the maturity of the contract upon which such interest is paid and whose several renewal notes are given upon the same contract. from the maturity of the last renewal note.

### 4. Same—Interest on Note—Recovery.

Where one executes a note to a bank containing usurious interest and sells property to another in part consideration that said purchaser is to assume and pay said note, and said purchaser substitutes to the bank his note for the note which he had contracted to pay, and returns said first-named note to the maker, and afterwards the purchaser pays to the bank the said note so substituted, the maker of said note containing usurious interest cannot maintain an action upon a written demand to recover usurious interest included in said first-named note.

(Syllabus by Collier C.)

Error from County Court, Lincoln County; H. M. Jarrett, Judge.

Action by O. L. Pool against the First State Bank of Chandler, Okla. Judgment for plaintiff, motion for new trial overruled, and defendant brings error. Reversed and remanded, with instructions.

F. A. Rittenhouse, for plaintiff in error.

Erwin & Erwin, for defendant in error.

Opinion by COLLIER, C. In this case the defendant in error seeks to recover from plaintiff in error for receiving usurious interest. Hereinafter parties will be named as they were in the trial court. The case was trial upon an amended petition, which averred payment at divers times of usurious interest amounting in the aggregate to $144, and prayed judgment for double the amount thereof, interest, and attorney's fees. Defendant answered, and among other pleas pleaded a general denial, that the payments of usury on October 28, 1911, and November 2, 1912, each in the sum of $40 was barred by the statute of limitation of two years, and tendered into court for the payment of usury received the sum of $34.

The uncontradicted evidence shows that plaintiff executed to the defendant a promissory note, and executed several notes extending the time of the payment of the said original note, and at the various times at which the time of payment was extended, paid to the defendant on said notes usurious interest as follows: On October 28, 1911, $40, November 2, 1912, $40, and on November 1, 1913, $32; that after the time of the last payment of said interest, the time of the payment of the balance due by plaintiff to the defendant on the last note given to it by him was extended, and the plaintiff executed to the defendant another promissory note for such balance, which said note included usurious interest. Thereafter the plaintiff sold to one Cherry a team upon the agreement that as part payment of the consideration to be paid for said team, that Cherry would pay and discharge said last note given by plaintiff to the defendant. Said Cherry gave to defendant his note in lieu of the plaintiff's note, and received from the defendant plaintiff's said note, marked paid, and delivered the same to the plaintiff. On January 19, 1915, plaintiff made written demand on the defendant "to pay to him the sum of $34 usurious interest reserved, charged, and recovered 'from him' upon the hereinbefore described notes executed by plaintiff to defendant, and on the 19th day of March, 1915, instituted this action to recover said usurious interest paid by him to the defendant. On conclusion of plaintiff's evidence, the defendant demurred to the evidence, which was overruled and excepted to. On conclusion of the entire evidence, at the request of the plaintiff, the court instructed the jury to find a verdict for plaintiff in the sum of $288, to which defendant duly excepted. Timely motion was made for a new trial, overruled, excepted to, and judgment entered upon the verdict as directed. To reverse the judgment rendered defendant brings error.

This action is brought under section 1005, Revised Laws 1910, and the conditions precedent to recover thereunder are:

"That the party paying usurious interest must make written demand upon party receiving such interest, for the return thereof, and upon failure of the party upon whom the demand is made to make such return to bring an action therefor within two years after maturity of the contract upon which such usurious interest was paid."

"A written demand for a return of the usury [interest] is a condition precedent for the maintenance of a suit to recover on account of the payment of [such] usurious interest. Under section 1005, Revised Laws 1910, such demand must be alleged in the petition and proven at the trial." Mitchell v. Clark, 52 Okla. 628, 152 Pac. 354.

The contention of the defendant, that a greater amount cannot be recovered than the amount demanded in the written notice for the return of usurious interest paid, is held adversely to said contention in Citizens' State Bank of Ft. Gibson v. Strahan et al., 63 Okla. 288, 165 Pac. 189. In said case it is held:

"Although demand and refusal be a requisite to the right of the plaintiff to commence an action for the recovery of usury paid, yet, when the law does not require any particular form or condition for either, any demand will be sufficient which notifies the lender that the borrower intends to claim the benefits given him by the statute."

In said Citizens' State Bank of Ft. Gibson v. Strahan et al., supra, this court sustained a judgment greatly in excess of the amount named in the written demand made by the borrower upon the lender.

The usurious interest paid in 1911 and 1912 was paid upon the original contract, the notes being merely extensions of the original loan made by the defendant to the plaintiff that matured within two years of the time this action was brought; therefore recovery for twice the amount of said two payments of $40 each is not barred by the statute of limitation, and the court, against the proper objection and exceptions of the defendants, did not err in admitting evidence of such payments. Citizens' State Bank of Ft. Gibson v. Strahan et al., supra, and authorities there cited. In order that one may recover usurious interest paid, such interest must be paid "by the party seeking such recovery or his legal representatives," and under the transaction by which the plaintiff sold his team to Cherry in part consideration that Cherry would assume and pay the last note given by plaintiff to defendant, and the substitution of Cherry's note, and delivery of plaintiff's notes to defendant, marked paid, did not entitle plaintiff to recover of the defendant on account of any usurious interest included in said last note, given by plaintiff to defendant for which Cherry's note was substituted, and which said substituted note was afterwards paid by Cherry to defendant. If any usurious interest was thus paid to the defendant it was paid by Cherry, who, or his legal representatives, alone would be authorized to recover the same.

In the case of Lasater v. First National Bank of Jacksboro (Tex.) 72 S. W. 1054, appealed to the United States Supreme Court and reported in 196 U. S. 115, 25 Sup. Ct. 206, 49 L. Ed. 408, reversed and remanded to the Supreme Court of Texas and decided and reported in 40 Tex. Civ App. 237, 88 S. W. 429, the material facts are that J. L. Lasater and W. M. Maggard, as parners, borrowed of the bank and executed their joint note for same with A. M. Lasater as surety, and also mortgaged cattle as further security, and subsequently Maggard sold all his interest in the mortgaged property to J. L. Lasater, the latter assuming all liability, and renewing the note with the same surety. Thereafter A. M. Lasater, as surety, bought all the mortgaged cattle and as part of the consideration agreed to assume and pay off the note. In pursuance of this agreement he took up the note of J. L. Lasater and gave

his own note therefor. This last note A. M. Lasater paid in full to the bank.

On July 26, 1901, A. M. Lasater brought this action, under the authority of section 5198, Revised Statutes United States (U. S. Comp. St. 1916, §9759), to recover twice the amount of the interest paid to the bank. The Court of Appeals of Texas found that part of the interest was paid more than two years prior to the commencement of the action, and held that no recovery could be had as to that, but, reversing the district court, entered judgment in favor of the plaintiff for double the amount of the balance of the interest, on the ground that usury entered into it all. Section 5198, Revised Statutes United States, is practically the same as the law of this state. Justice Brewer in said case said:

"The mere discharge by A. M. Lasater of the note executed by himself and J. L. Lasater by giving his own note in renewal thereof would not uphold a recovery from the bank on account of usurious interest in the former note. Brown v. Marion National Bank, 169 U. S. 416 [18 Sup. Ct. 390, 42 L. Ed. 801]. The payment contemplated by the statute is an actual payment and not a further promise to pay, and was not made until the bank, in June, 1901, received its money."

In Anderson v. Tatro, 44 Okla. 219, 144 Pac. 361, it is held:

"The evidence in this action shows that the plaintiff did not pay to the defendant the $690 as alleged in the first cause of action. but gave a renewal note for $762.45, which included seven months' interest. This note is the basis for recovery in the second cause of action. The giving of a new note in renewal of a previous one is not a payment of the earlier note as contemplated by section 3 of article 14 of the Constitution. as this section contemplates an actual payment and not a promise to pay in the future." First National Bank v. Lasater. 196 U. S. 115. 25 Sup. Ct. 206, 49 L. Ed. 408; Brown v. Marion Nat. Bank, 169 U. S. 416, 18 Sup. Ct. 390, 42 L. Ed. 801; Driesbach v. Nat. Bank, 104 U. S. 42, 26 L. Ed. 658; Rushing v. Bivens, 132 N. C. 273, 43 S. E. 798.

Under the facts and law of this case plaintiff could legally recover from the defendant such usurious interest as he paid to defendant within two years of the bringing of this action. the statute of limitation of two years commencing to run from the maturity of the last renewal note, and therefore each of the two $40 payments are not barred by the statute of limitation. All of the various notes referred to were simply renewals of the original note and part of the same contract. and simply evidence the original loan which was the only money re-

ceived by the plaintiff from the bank, and it is therefore apparent that said payments were well within the statutory period of two years, and the court did not err in admitting evidence of such payments. Any usurious interest that may have been included in the note given by the plaintiff to the defendant for which Cherry's note was substituted, and which Cherry subsequently paid, cannot be considered as a payment by the plaintiff, and the court committed reversible error in admitting the same in evidence and including the amount thereof in the directed verdict, as to authorize the court to direct a verdict in a given sum there must be enough competent undenied evidence to sustain a verdict rendered in accord with such instructions, is a canon of law so well established as to not require the citation of authorities in support thereof. In the instant case the verdict is not sustained by competent evidence, and the trial court committed reversible error in denying a motion for a new trial.

This cause is reversed and remanded, with instructions to the trial court to set aside the verdict rendered and grant a new trial, and proceed to try the cause in accord with the views expressed in this opinion.

By the Court: It is so ordered.