### H. R. RAGAN v. A. J. STEPHENS.

(Filed 24 September, 1919.)

**Usury—Forfeiture—Interest—Statutes.**

> Where an usurious rate of interest on money has been paid by the
> borrower of money, the statutory penalty is double the amount of the
> usury, but where it is only charged, and not collected, the statute elimi-
> nates the usury and forfeits the interest on the amount of the loan.
> Rev., sec. 1951.

APPEAL by plaintiff from *Kerr, J.,* at March Term, 1919, of CHATHAM.

This is an action on three notes, one for $903 being the only one as
to which any question is raised by the appeal.

The defendant pleaded usury, and the jury found that $100 of the
$903 note is usurious.

The defendant has paid nothing to the plaintiff.

His Honor rendered judgment in favor of the plaintiff for $903 with-
out interest, subject to a credit of $200, being double the amount of the
usury charged in the note, and the plaintiff excepted and appealed.

*W. D. Siler and J. S. Manning attorneys for plaintiff.*
*A. C. Ray and H. E. Norris attorneys for defendant.*

ALLEN, J. The statute relating to usury (Rev., sec. 1951) makes a
clear distinction between money charged and money paid on a usurious
transaction.

As to the first, the penalty is the elimination of the usury and the
forfeiture of the interest; and as to the second, when usurious interest
is actually paid, the additional penalty of recovery of double the amount
of the usury.

This is not only the plain language of the statute but it is the con-
struction placed upon it in several of our decisions.

In *Rushing v. Bivens,* 132 N. C., 273, the Court says: "We think that
before the plaintiff can maintain the action he must pay the usury in
money or money's worth. He has done neither. He has paid nothing.
It is well settled that the penalty is not incurred by the *charging* of
usurious interest; it is by the *taking* the usury that the party incurs the
penalty, and that no action lies therefor until it is paid. *Godfrey v.
Leigh,* 28 N. C., 390; *Stedman v. Bland,* 26 N. C., 296. The renewal
of the note to Griffin falls very far short of the payment of the original
debt. If the plaintiff had given in payment and discharge the note of a
third person, it would have been a good payment. *Pritchard v. Meekins,*
98 N. C., 244. The plaintiff may never pay the original notes."

And again, in *Riley v. Sears*, 154 N. C., 521, "While we hold that the notes sued on are void because based entirely on a usurious consideration, we think that on the pleadings the demand by the receiver for double the amount of the usurious interest should be disallowed. Both our statute and authoritative interpretations of it are to the effect that 'usury must be paid .in money or money's worth before an action can be maintained therefor,' and the renewal of a note, given for usury, does not amount to such payment. *Rushing v. Bivens*, 132 N. C., 273."

It follows, therefore, as no money has been paid that the $100 of usury must be taken from the note and that the plaintiff is entitled to recover the balance ($803) without interest.

The judgment will be modified in accordance with this opinion.

Modified.    Costs to be divided.