H. G. McNEILL v. A. R. SUGGS.

(Filed 24 September, 1930.)

1. **Usury A a—Usury is knowingly taking or receiving greater rate of interest than six per cent.**

Usury is the taking, receiving or charging a greater rate of interest than six per cent, either before or after the interest may accrue, when knowingly done, and it works a forfeiture of the interest and when the unlawful interest has been paid the debtor may recover twice the amount so paid in an action in a court of competent jurisdiction. C. S., 2306.

2. **Limitation of Actions E c—Statute must be pleaded when relied on as defense to action to recover penalty for usury.**

In an action to recover the statutory penalty for usury the two-year statute of limitations must be pleaded when relied on as a defense, the clause relating thereto having been taken out of section 3836 of The Code and placed in the chapter relating to civil procedure, C. S., 442, and thereby made a statute of limitations, but when properly pleaded the burden is upon the plaintiff to prove that his suit is brought within two years from the time the cause of action accrued.

3. **Appeal and Error K a—Where findings of fact are not sufficiently definite to apply law relating thereto the case will be remanded.**

Where in an action to recover the statutory penalty for usury the two-year statute of limitation is pleaded in bar of recovery, and the case is referred to a referee, the defendant is entitled to a specific finding of fact in regard to the date of the transactions so that the law in regard to the plea of the statute can be applied to the facts, and where the findings of fact are not sufficiently definite on this point the case will be remanded for additional facts, which in this case may be found by the trial court without the necessity of another reference.

APPEAL by defendant from *Lyon, Emergency Judge,* at April Term, 1930, of HARNETT. Error.

This is an action for the recovery of usury—double an alleged excessive rate of interest paid by the plaintiff to the defendant.

The plaintiff filed a complaint, an amended complaint, and an amendment to the amended complaint, and to each of these the defendant filed an answer, denying that he was indebted to the plaintiff or that he had collected an excessive rate of interest, and pleading the statute of limitations. The transactions began in December, 1920, and continued for several years.

The cause was referred, and on 31 January, 1930, the referee made the following report:

1. All causes of action except the transaction involving the note for $3,000 dated 20 May, 1922, occurred more than two years prior to the commencement of the suit.

2. On 20 May, 1922, the plaintiff gave the defendant a note for $3,000, which note was secured by a chattel mortgage. The consideration for this note was a balance due to the defendant by plaintiff and $1,600 paid to the plaintiff by defendant.

3. The note set forth as a counterclaim or cross-action by the defendant against the plaintiff, which note was dated 1 November, 1918, for $459 was included in settlements made between plaintiff and defendant prior to 20 May, 1922.

4. On 20 May, 1922, when the $3,000 note was given, this, in addition to the amount paid at that time by the defendant to the plaintiff, settled all matters up to that date.

5. Payments were made from time to time on this $3,000 note, and a final settlement was made between the parties through Caviness Brown, Esq., and he calculated the interest and fixed the amounts due by plaintiff to the defendant. When this settlement was made, it settled all matters between plaintiff and defendant up to that period.

6. Testimony as to payments and dates of payments were rather confusing, but the referee finds that the defendant charged and received against the plaintiff ten per cent on this $3,000 loan, and when settlement was made, such settlement was calculated on a basis of ten per cent.

7. Interest was charged on the $3,000 note until it was paid and from the payments made the referee finds that the interest paid on said note was certainly as much as $300, and that this interest was usurious interest in that it was in excess of six per cent, and was knowingly charged and received by the defendant.

### CONCLUSIONS OF LAW.

The referee therefore concludes as a matter of law:

1. That the plaintiff is entitled to recover of the defendant the sum of $600, this being twice the amount of interest paid.

2. The referee further finds that the plaintiff is not indebted to the defendant on the counterclaim set forth in the answer.

The defendant filed exceptions, which were overruled. Judgment for plaintiff in the sum of $600; appeal by defendant upon assigned error.

*Hoyle & Hoyle for appellant.*
*Young & Young, W. P. Byrd and J. R. Baggett for appellee.*

ADAMS, J. Taking, receiving, reserving, or charging a greater rate of interest than six per cent, either before or after the interest may accrue, when knowingly done, works a forfeiture of the whole interest; and if a person pays an unlawful rate of interest, he or his legal representative may, by suit in a court of competent jurisdiction, recover twice the amount of interest paid. C. S., 2306; *Ragan v. Stephens,* 178 N. C., 101.

The statute (C. S., 2306), formerly contained a proviso that an action to enforce the penalty should be commenced within two years from the time the usurious-transaction occurred (The Code, 3836); and it was held that a defendant was entitled to the protection of this clause, although it was not pleaded. *Roberts v. Ins. Co.,* 118 N. C., 429, 435; *Tayloe v. Parker,* 137 N. C., 418. But the clause was subsequently taken out of section 3836 of The Code and transferred to the chapter

in Civil Procedure prescribing the limitation of actions. Revisal, sec. 396; C. S., sec. 442. It was thereby made a statute of limitations. This is pointed out in *Burnett v. R. R.*, 163 N. C., 186, 193, the reversal by the Supreme Court of the United States not affecting the decision of this question. *R. R. v. Burnett*, 239 U. S., 199, 60 Law Ed., 226.

The objection that the action was not brought within the time limited was specifically pleaded. C. S., 405. This plea imposed upon the plaintiff the burden of showing that his suit was brought within two years from the time his cause of action accrued. *Tillery v. Lumber Co.*, 172 N. C., 296. In the amendment to his amended complaint, which was filed on 23 August, 1929, he alleged that on 20 May, 1922, he executed and delivered to the defendant his note in the sum of $3,000, together with a deed of trust as security.

It is contended by the defendant that the last transactions in reference to the note for $3,000 took place on 17 November, 1924; that the amendment constitutes a new cause of action; and that, as more than two years intervened between the last communication of the parties and the filing of the last amendment, the plaintiff's cause is barred. The plaintiff says that the amendment is merely an amplification of allegations in his previous pleadings; that the summons was issued on 21 February, 1925, and that his action is not barred.

It would be a doubtful undertaking if we should try to determine these contentions upon the face of the record. Of course we have no access to the evidence, and in the plaintiff's pleadings the references to the note of $3,000 are not sufficiently definite to enable us to hold as a conclusion of law that the loan of $3,000 referred to in the thirteenth and fourteenth paragraphs of the amended complaint is embraced in the note set out in the amendment to the amended complaint.

The referee's report is indefinite as to the statute of limitations. It contains a finding of fact that all causes are barred except the one involving the note of $3,000. If the finding raises an inference that the latter is not barred it is defective, because no dates are fixed upon which the law can be declared. The defendant is entitled to a specific finding of the facts upon his contentions, so that it may be decided whether upon the facts as found the plaintiff's action is barred. The cause is therefore remanded for additional facts, which we presume may be ascertained by the court without the necessity of another reference.

Error and remanded.